**BROWN COMPANY, Appellant,**

v.

**SOUTHWESTERN INDUSTRIAL PROD-
UCTS COMPANY, Inc., Appellee.**

No. 6813.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 1, 1958.

Croslin & Pharr, Lubbock, Myron H. Garner, Lubbock, of counsel for appellant.

Parduc & Metcalf, Lubbock, for appellee.

PITTS, Chief Justice.

This is a venue action which arose out of a suit for damages filed by appellee, Southwestern Industrial Products Company, a corporation, against defendants, Hilton Supply Company, a partnership composed of Guy B. Hilton, Gordon Hilton and Velda Fern Johnson, and Brown Company, a corporation of the State of Maine, with a business office in Dallas, Texas, and with Hilton Supply Company acting as a distributor of its manufactured products and particularly "Bermigation" pipe for irrigation purposes in Lubbock County, Texas. Appellee sought damages against both defendants by reason of an alleged breach of warranty and fraudulent representations they made to the public and to appellee in particular in Lubbock County, which wrongfully induced appellee to buy certain Bermigation pipe for irrigation purposes,

which pipe proved to be inferior and of no value to appellee's damages in the sums of $7,000.

Defendant, Hilton Supply Company, answered with a motion to dismiss appellee's alleged action or· in the alternative to consolidate it with another suit filed by it against appellee herein in another district court in Lubbock County for the collection of an alleged debt against appellee for the sale of the same pipe involved in this suit filed by appellee. Defendant, Brown Company, filed its plea of privilege seeking to have the primary suit filed by appellee as against it transferred to Dallas County, Texas, and subject to such plea filed a general denial to appellee's alleged cause of action against it. Appellee, after amending its pleadings without changing the basic parts of its original alleged cause of action and likewise thereby joining issues with defendant, Hilton Supply Company, upon its answer, filed its controverting affidavit seeking to hold venue as against Brown Company in Lubbock County, Texas.

The action only as to the plea of privilege filed by Brown Company and the controverting affidavit by appellee, Southwestern Industrial Products Company, both being corporations, was heard by the trial court without a jury, after which the plea of privilege was overruled by order of the trial court, from which order appellant, Brown Company, perfected an appeal presenting four points of error claiming that appellee failed to establish venue in Lubbock County under the provisions of either of the four exceptions, Numbers 7, 23, 27 or 4 of Article 1995, Vernon's Ann.Civ.St., known as the Venue Statutes. Appellee joined issues with appellant and contends that venue was established in Lubbock County under the provisions of each of the foregoing cited exceptions or subdivisions of Article 1995. It is sufficient and the trial ·court's judgment must be affirmed if venue has been established in Lubbock County under the provisions of any one or more of the exceptions or subdivisions cited. In so far as the record reflects, no findings or conclusions were filed and no such were requested.

Although appellee's pleadings have not been specifically challenged, an examination of them reveals that such are sufficient to meet the requirements of the law in such a case. 37-A Tex.Jur. 726–28, Sec. 349; Brown Company v. Terrell, Tex.Civ.App., 310 S.W.2d 757. The last authority cited concerns a very recent case involving very similar issues of alleged fraud about the sale of the same kind of irrigation pipe in which case there were found the same party defendants and the same appellant in the venue action as we find here, the same trial court having heard that action with this court having made final disposition of the venue issues on appeal by writing at length on the law governing such cases. Because of the similarity of the two recent cases, we cite that case and the other authorities there cited and discussed in support of our disposition being made of this case.

In giving our attention to the facts, we find Brown Company is à foreign corporation engaged in the manufacturing of various products, including Bermigation pipe used for irrigation purposes; that such pipe is manufactured in the State of New Hampshire by Brown Company and shipped by it to various dealers over the country for sale to consumers; that Hilton Supply Company of Lubbock, Texas, was a distributor of the Bermigation pipe to consumers for Brown Company in the Lubbock County area by an arrangement made between it and the said Brown Company; that in order to promote sales of the pipe in question appellant, Brown Company, through its distributor, Hilton Supply Company of Lubbock, distributed to the public and particularly to appellee, Southwestern Industrial Products Company, through its president, L. J. Leaverton in Lubbock, Texas, certain written advertising, a copy of which was introduced in evi-

dence and is here shown in the following language:

"Warranty from Brown Company

"Brown Company
"2/6/57
"Bermico Division
"Warranty *

"Bermigation Pipe is guaranteed for a period of five years against deterioration due to rot, rodent damage, electrolytic corrosion, or damage due to weathering affecting the usability of the pipe.

"Birmigation Pipe is guaranteed against failure due to defective workmanship and materials for a period of two years.

"Since the installation of Bermigation Pipe is not within the control of the manufacturer, Bermigation Pipe cannot be guaranteed against failure due to faulty installation and/or misapplication. Therefore, the installer shall furnish to the owner a one-year warranty that the pipe has been installed in accordance with the manufacturer's installation instructions and the specifications of the Soil Conservation Service.

"Under no circumstances shall the manufacturer's liability under this warranty exceed the current price of the pipe found to be defective.
"Brown Company

" *Effective as to all sales of Bermigation Pipe on and after February 15, 1957."

According to the record, appellee had also been furnished a copy of the manufacturer's certificate containing the following language:

"Manufacturers Certificate

"This is to certify that Bermigation pipe manufactured by Brown Co. of Berlin, New Hampshire, for low head irrigation use, has been tested and found to have bursting strength values ranging from 165 to over 200 pounds per square inch. Tests made on this pipe with couplings showed no failure of couplings up to and including pressures causing pipe failures.

"We recommend Bermigation pipe of five inch internal diameter (wall thickness app. $\frac{11}{32}$ inch and weight per foot app. 3.2 pounds) and Bermigation pipe of four inch internal diameter (wall thickness app. $\frac{5}{16}$ inch and wt. per foot app. 2.5 pounds) for use as low head irrigation pipe at a maximum pressure of 15 pounds per square inch when installed underground according to methods recommended in specifications TX 12.

"Signed    Brown Co.
"Research & Development Co.
"By    R. A. Webber
Administrator"

After having been furnished copies of the foregoing instruments and because of the warranty having been published in Lubbock County, Texas, together with oral statements made in support thereof by Hilton Supply Company to appellee in Lubbock County, appellee, in April or May of 1957, was induced by reason thereof to buy approximately 8,000 feet of the said Bermigation pipes in Lubbock County through appellant's said distributor to be re-sold by appellee to an irrigation farmer by the name of A. P. Stephens in Lynn County, Texas. Such pipe was accordingly sold and furnished to appellee who in turn accordingly sold the same to Stephens under the same warranty given appellee by appellant and appellee supervised the installation thereof on the Stephens farm in accordance with instructions and specifications of the Soil Conservation Service as provided for in appellant's written warranty, together with appellant's oral specifications given through its distributor. Soon after the pipe was accordingly in-

stalled on the Stephens farm, it was found to be defective, leaked, burst and failed to perform in violation of the warranty and guarantee furnished by appellant. Appellee sought without success to get both appellant and Hilton Supply Company to repair or replace the said defective pipe in accordance with the warranty they had furnished appellee. Notwithstanding the failure and refusal of appellant and Hilton Supply Company to make good their warranty, appellee made its warranty to Stephens good by repairing and replacing the said pipe to its damages in the sum of $7,000, for which sum it sued appellant and Hilton Supply Company.

By reason of such material facts related, appellee contends that the court in Lubbock County has venue of the suit and particularly that part alleged against appellant herein under the provisions of exception or Subdivision 7 of Article 1995 because of fraudulent representations having been made to appellee in Lubbock County by appellant, which fraudulent representations induced appellee to purchase the inferior pipe in question. Under the record before us and the authorities cited, we believe appellee has met its burden of establishing venue in Lubbock County under the provisions of Subdivision 7 of the Venue Statutes.

We do not deem it necessary to discuss appellant's other points concerning venue questions raised, however, it is our opinion that in any event the record reveals that appellee's alleged cause of action against appellant as a corporation arose in Lubbock County, thus giving that county venue under the provisions of Subdivision 23 of Article 1995.

The record conclusively reveals that appellant was a foreign corporation doing business in Texas and that a part at least of appellee's alleged cause of action against appellant accrued in Lubbock County, Texas, and that there are two party defendants, one of them being domiciled in Lubbock

County, for which reasons venue can properly be held in Lubbock County, Texas, under the provisions of either Subdivision 27 or 4 of Article 1995.

For the reasons stated, appellant's four points of error are all overruled and the judgment of the trial court is affirmed.