## SANTA MARIA WATER CONTROL & IMPROVEMENT DIST. NO. 4 v. TOWERY EQUIPMENT CO.

### No. 4803.

Court of Civil Appeals of Texas. El Paso.

June 20, 1951.

Rankin, Kilgore & Cherry, Edinburg, Dillon & Vollmer, Mercedes, Deane C. Watson, Edinburg, for appellant.

Moursund, Ball, Moursund & Bergstrom, San Antonio, for appellee.

McGILL, Justice.

This is an appeal from an order of the District Court of Hidalgo County, 93rd Judicial District, sustaining pleas of privilege of defendants and transferring the cause to the district court of Bexar County, 73rd Judicial district. The following is reflected by the transcript:

The plaintiff's first amended original petition was filed February 27th, 1950. Therein it is stated that such petition was filed in lieu of plaintiff's original petition, filed on the 17th day of January, 1950. On February 14, 1950, the defendants filed their plea of privilege. On September 22, 1950, plaintiff filed its first amended controverting affidavit in which it is stated that such first amended controverting affidavit is filed with leave of the court. Apparently the

pleadings on which the case was tried was the plea of privilege filed February 14, 1950, and plaintiff's first amended controverting plea filed September 22, 1950. This amended controverting plea incorporated the plaintiff's first amended original petition filed February 27, 1950, in full.

It is alleged that the plaintiff, the Santa Maria Water Control and Improvement District No. 4 is duly organized under the laws of the State of Texas and has its principal office at Santa Maria in the County of Cameron, Texas; and that the defendant, the Towery Equipment Company is a partnership composed of T. F. Towery and J. H. Rodgers, Sr., and that the partners and each of them reside in the County of Bexar, State of Texas. Plaintiff then alleges that by a written conditional sales contract, executed in the city of Mercedes, Hidalgo County, on the 22nd day of November, 1948, it purchased from defendant one Cummins model KO diesel engine, rebuilt, for a consideration of $6766.61, which consisted of one Buda model diesel engine and other equipment for which an allowance of $2566.66 was made and $4200.00 was paid in cash; that under the terms of said contract the defendant warranted the equipment purchased to be free from defective material and workmanship for a period of ninety days, said warranty being typed in on the printed form used by defendant in reducing the terms of the contract to writing, and being in these words: "Equipment delivered under this contract is guaranteed against defective material and workmanship for a period of 90 days from completion."

Further, that defendant expressly warranted in said contract that the equipment was in good operating condition by an "Equipment Dealer's Warranty" on the reverse side of the contract, to-wit: "The Dealers warrants the machinery and/or equipment of its manufacture to be in good operating condition at the time of shipment;" that at the time of the negotiations and prior to the completion of the contract defendant knew that plaintiff was employed in furnishing water to its members and that any defect in the engine delivered to plaintiff would hamper and retard and prevent the plaintiff in supplying water to the district; that the engine delivered under the contract was not in good operating condition as warranted, but was defective in certain specified respects; that within a week after installation of the engine defendant was apprised of the defects and attempted to cure them by more firmly securing the engine to its base, and later by welding a piece which had theretofore been cut off into the drive shaft, and by pouring into the engine some sort of preparation; that none of these attempts placed the engine in good operating condition and plaintiff in an effort to do so incurred an expense of $900.88, which defendant had refused to pay. As a basis for its damages plaintiff alleged that the value of the consideration paid to defendant for the engine and equipment was $6766.61, whereas the fair value thereof as delivered was $400.00, to plaintiff's damage $6,366.61, also that plaintiff suffered a loss of profits in the sum of $3500.00 through its inability to furnish its members with water for irrigation, which was the direct result of defendant's breach of the warranties. The foregoing allegations compose the first six paragraphs of plaintiff's first amended original petition. We reproduce paragraphs 7 to 9 inclusive, in full:

"7. Alternatively, Plaintiff would show the Court the following: That prior to the completion of the Conditional Sales Contract referred to in paragraph one of this petition, and also by the express terms thereof, Defendant represented to the Plaintiff that said engine was rebuilt and that said engine was in good operating condition, whereas in fact and in truth said engine had not been rebuilt and was not in good operating condition, which facts Defendant knew. Said representations were made to the Plaintiff at the branch office of The Towery Equipment in the City of Weslace, County of Hidalgo, Texas, by R. B. Rodgers who was at the time of the making thereof employed by the Towery Equipment Company. These representations were made prior to the execution of the conditional Sales Contract,

and said representations were repeated in the written conditional Sales Contract which was executed in the City of Mercedes, County of Hidalgo, Texas, by the Plaintiff and the Defendant. The representations that the engine was rebuilt and also that it was in good operating condition, being false representations of material facts, were made by the Defendant for the purpose of deceiving the plaintiff, with the intent and design to induce the Plaintiff into purchasing said engine. The Plaintiff, relying on these representations, was induced to, and did, enter into said contract to purchased the engine. Plaintiff discovered the falsity of these statements in February, 1948. Defendant knew, at the time it made the representations, that Plaintiff was engaged in supplying water for irrigation to the members of the Santa Maria Water Control and Improvement District No. 4, which members' well being and very livelihood depended upon an adequate supply of water for irrigation, and Defendant knew that Plaintiff was relying upon said representations in Plaintiff's desire to purchase an engine capable of supplying an amount of water adequate to satisfy the demands of the members of Plaintiff's District for water. . Knowing this, Defendant wilfully, fraudulently, and unmindful of the consequences, intentionally made the false representations that the engine had been rebuilt and that the engine was in good operating condition. The engine sold to the Plaintiff by the Defendant was defective, in that a portion of the drive shaft and the outboard bearing had been cut therefrom, in that an exhaust valve had been used in the place of an intake valve, and other faults, of which the Plaintiff was unaware, were present. As a consequence thereof, said engine did not operate properly as a rebuilt engine would have operated, and said engine was not, at the time of delivery thereof, in good operating condition. As a direct result of Plaintiff's reliance on said false representation, Plaintiff was unable to supply water in the amounts called for by the members of Plaintiff's District, to Plaintiff's damage in the amount of Three Thousand Five Hundred ($3,500.00) Dollars

for the loss of profits which would have accrued to the Plaintiff had Plaintiff not been fraudulently induced to purchase a defective engine. The value of the consideration given for the purchase of the engine and equipment was Six thousand seven hundred sixty-six and 61/100 ($6,766.61) Dollars, while the fair value of the engine as delivered was Four Hundred and 00/100 ($400.00) Dollars, whereby the Plaintiff has been damaged in the additional sum of Six Thousand three hundred sixty-six and 61/100 ($6,366.61) Dollars.

"8.   Wherefore Plaintiff says that it has been damaged in the sum of Nine Thousand eight hundred sixty-six and 61/100 ($9,866.61) Dollars.

"9.   Premises considered, Plaintiff prays that Defendant be cited to answer this petition and that it have judgment for its damages as aforesaid, and for the further sum of Nine Hundred and 88/100 ($900.88) Dollars as exemplary damages for the fraudulent, malicious, intentional act of the Defendant in misrepresenting the condition and quality of said engine and for such other and further relief as the Plaintiff is entitled to in law and equity."

Trial was to the court without a jury. No findings of fact or conclusions of law were filed or requested.

Appellant seeks to maintain venue in Hidalgo County under Section 7 of the Venue Statute, Art. 1995, Vernon's Ann. Civ.St., which reads as follows: "7.   Fraud and defalcation.—In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

Appellant's points of error are in substance that the court erred in holding that its petition was one entirely in contract, and disregarded its alternative plea for relief in tort based on fraudulent representations, and erred in refusing to allow plaintiff to introduce parol evidence to prove fraudulent representations under its alternative cause of action in tort, and in

refusing to allow it to file trial amendment clearly establishing its action as one based in tort on fraud.

It does not appear from the transcript on what theory the court sustained the pleas of privilege. Therefore, appellant's first point finds no support in the record. Appellee's counsel states in his brief that he was not sure at the time just what testimony was being received in evidence and what was being taken solely for the purpose of perfecting a bill or bills of exception. We have experienced the same difficulty in examining the Statement of Facts. As far as we are able to tell all the testimony taken which related in any way to fraud or fraudulent representations alleged to have induced the execution of the contract was excluded and taken only for the purpose of a bill or bills of exception. We shall so construe the record as a basis for our conclusions on the legal points involved.

■ There is no question but that prior to the adoption of Rule 48, Texas Rules of Civil Procedure, and under this rule a party has the right to sue for a breach of contract and alternatively for damages for a tort where both claims grow out of the same transaction and can conveniently be litigated together. American Surety Co. of New York v. Shaw, Tex.Com.App., 69 S.W.2d 47; Hankey v. Employers Cas. Co., Tex.Civ.App., 176 S.W.2d 357; 1 Tex. Jur. p. 655, sec. 42.

■ The question presented here is whether the plaintiff in its alternative plea, when considered apart from the contract for a breach of which it sues in the first six paragraphs of its first amended petition, the pleading on which it relies in its controverting affidavit, has alleged any fraud which would establish venue in Hidalgo County under Section 7 of Article 1995. In the alternative plea plaintiff does not repudiate the conditional contract of sale and seek to recover the consideration allowed and paid for the engine. The plea in effect again affirms the contract and seeks to retain the engine and recover as one item of damage the difference between the consideration allowed and paid for the

engine in accordance with the contract, and the fair value of the engine as delivered. In other words, the breach of the alleged contract or warranty is an essential element of the cause of action for the alleged fraud in inducing its execution asserted in the alternative plea. As said in Beale v. Cherryhomes, Tex.Civ.App., 21 S.W.2d 65, 66: "The allegations of fraud in plaintiff's petition and in the controverting affidavit disassociated from all other facts are immaterial and afford no ground for relief." Of course it is not necessary to rescind a contract to sue for fraud in procuring its execution.

In the conditional sales contract which is the basis of paragraphs 1–6 of plaintiff's petition the engine is described as a "rebuilt" engine. The contract does not warrant that it is a rebuilt engine, but the evidence tends strongly to show that it was not, and the gravamen of the complaint made by paragraphs 1–6 is that it was not and that the express warranties above referred to had been breached. As we construe paragraphs 1–6 the cause of action alleged is for a breach of contract in not delivering a rebuilt engine, as well as for a breach of the express warranties; in other words, a rebuilt engine as warranted was the consideration moving to appellant for the contract, and the fact that such an engine was not delivered is the breach of contract alleged. As said in Long v. Humble Oil & Refining Co., Tex. Civ.App., 154 S.W.2d 925, loc. cit. 933, wr. ref. w. m.: "Such allegations do not allege actionable fraud; they do not allege a tort, but allege a breach of contract, that defendant intended to breach the contract when it was made. Article 4004 was never intended to apply to breaches of contract. In every bilateral contract at least one of the parties to the contract promises to do some act in the future, and makes such promise 'as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract'. In order for Article 4004 to apply to a transaction in real estate the false promise must relate to something which is collateral,

and not be the consideration of the very contract, for breach of which plaintiff sues."

The alternative plea therefore essentially in substance alleges an action ex-contractu and not such fraud as is sufficient to establish venue in Hidalgo County under the statute.

Under all the circumstances reflected by the record, no abuse of the broad discretion vested in the trial court is shown in the court's refusal to permit plaintiff to amend its controverting affidavit.

The order sustaining the plea of privilege and transferring the cause to the 73rd Judicial District Court of Bexar County is in all respects affirmed.