H. C. COCKBURN v. DICK DIXON ET AL.

No. A-4200. Decided October 7, 1953.
Rehearing overruled November 18, 1953.
(261 S. W. 2d Series 689)

*J. L. Webb,* of Houston, and *Shank, Dedman & Payne,* of Dallas, for Relator.

*Carrington, Gowan, Johnson & Walker* and *Hubert D. Johnson,* all of Dallas, for respondents.

MR. JUSTICE CULVER delivered the opinion of the Court.

This case is before us on relator's petition for writ of mandamus to have certified to us by the Court of Civil Appeals certain questions relating to venue.

Respondent, Less and another, sued relator, Cockburn, in the District Court of Dallas county for damages based on fraud in connection with a real estate transaction where the respondents sought to recover and measure their damages under the provisions of Art. 4004 and alleged that the representations upon which the alleged fraud was predicated were made by the relator to the respondents in Dallas County. The trial court applying Exception 7, Art. 1995, overruled relator's plea of privilege. On appeal the action of the trial court was affirmed. 257 S. W. 2d. 470.

The testimony was substantially to the effect that Cockburn represented to Less in Dallas, Texas, that there were on the property five wells producing gas from three sands and the average monthly production would be about 150 million cubic feet of gas; that relying on these representations Less purchased the property from Cockburn for a consideration of $417,500'; that after the transaction was closed it was discovered that only two of the wells were producers; only one producing sand instead of three and the average monthly production was only 100 million cubic feet. (See Court of Civil Appeals opinion for a more detailed recital).

Two points are raised by the relator, viz: (1) that the respondents had failed on trial of the plea of privilege to prove by competent evidence that they had sustained actual damages. (2) that under the pleadings and evidence submitted thereunder on the trial of the plea of privilege herein the cause of action, if any, the respondents had, was for breach of contract and not fraud.

On the first point relator takes the position that the testimony was insufficient to prove that the respondent had suffered any damage, but merely created an implication of damage. He contends that it was necessary for the respondents to go further and show what the property would have been worth if the representations had been true and what it was worth in its actual condition. The following cases are cited which he says are in conflict with and hold contrary to the opinion of the Court of Civil Appeals in this case: Holmes v. Coalson, 178 S. W. 628; Compton v. Elliott, 126 Texas 232, 88 S. W. 2d. 91; Saigh v. Monteith, 147 Texas 341, 215 S. W. 2d. 610; Neyland v. Benson, Texas Civ. App., 292 S. W. 251, and Campbell v. McCown, Texas Civ. App., 176 S. W. 2d. 226.

In the case of Holmes v. Coalson, the Court of Civil Appeals in reversing the action of the trial court, holds that the terms of a letter guaranteeing a certain amount of rent from the property for one year did not constitute a representation that the property was then rented for that amount. Consequently the evidence was insufficient to support an allegation of fraudulent misrepresentation of fact.

In Compton v. Elliott it was held that the plea of privilege was properly sustained where the trial court found upon sufficient evidence that the crime of malicious prosecution had not been committed. The court observed that on appeal from the judgment sustaining or overruling the plea of privilege the power of the Court of Civil Appeals in reviewing the fact findings made by the trial court is the same as it is in any other appealed case.

In Saigh v. Monteith, 147 Texas 341, 215 S. W. 2d 611, the plea of pripilege was sustained on the ground that while the contract required payments to be made to "Second National Bank of Houston" this did not constitute an express provision for the performance of the obligations in Harris county, it having been stipulated that the corporate name of the payee

was "Second National Bank of Houston". The holding involved a construction of Subdivision 5 of Art. 1995 and we see no application to the case at bar.

Again in Neyland v. Benson the evidence was held to be insufficient to establish venue facts that the representations were false and that injury resulted to the plaintiff therefrom. There was no proof that her interest in the shares of stock was worth more than the figure represented to her.

In Campbell v. McCown by the Waco Court of Civil Appeals, the defendant represented that the tract of land contained 715.3 acres for which the plaintiff paid at the rate of $20.00 per acre. After purchase it was discovered that there was a shortage of 97.8 acres. The Court of Civil Appeals held that plaintiff having failed to prove the difference between the value of the property as represented and the actual value in which it was delivered failed on the plea of privilege hearing to establish damages and reversed, but remanded the case for fuller development.

While that case lends support to relator's position we think the reasoning in the later case of Reese v. Phillips, 233 S. W. 2d. 588, 591, decided by the El Paso Court of Civil Appeals, to be more logical and consistent with property interlocutory procedure. There no direct evidence was offered as to the value of the property at the time it was conveyed to plaintiff and none as to what it would have been worth had same been as represented. The oil well on the property was represented as producing 40 barrels of oil per day while in fact the well was producing and capable of producing only about 15 barrels per day. The Court of Civil Appeals in reversing and remanding the case for retrial on the plea of privilege held:

"Beyond any question more royalty would be realized from a well producing 40 barrels of oil per day than from one producing 15 barrels. In our opinion the evidence established facts not only warranting but perhaps compelling the inference that pecuniary damage was sustained. In a case under Section 7, Art. 1995, the issue tried is not as to the exact amount of damages, but were the damages more than nominal. * * *."

The case of Gomillion v. Lingold, Texas Civ. App., 209 S. W. 2d. 205, while not brought under Art. 4004, is in point on the question involved here and supports the conclusions reached by the Dallas Court in this case.

■ Although relator is correct in maintaining that venue may not be sustained by implication, Saigh v. Monteith, supra, in the instant case we are of the opinion that the testimony gave rise to much more than a mere implication that damages were sustained, but rather compelled a finding or conclusion to that effect.

Article 4004 sets out the rule of damages as being "the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled and the actual value of the property in the condition it is delivered at the time of the contract." We think the fact is inescapable from a practical standpoint that if a property had five wells producing from three sands 150 million cubic feet per month it would be more valuable than it is with only two wells producing from one sand 100 million cubic feet. The venue fact is whether or not the plaintiff has sustained damages, but the extent of those damages is an issue to be determined upon the merits of the case. On a plea of privilege hearing, to compel the introduction of evidence showing the exact extent of the damage would seem to be arbitrary, unduly burden the record and serve no useful purpose.

■ On the second point relator contends that the decision of the Court of Civil Appeals in the present case is also in conflict with Western Irrigation Company v. Reeves County Land Company, 231 S. W. 2d. 1011. No transaction in real estate was alleged in that case, but the defendant had contracted to drill certain wells for irrigation purposes for the plaintiff. He obtained payment on the strength of the false representations that the work had been completed and plaintiff sued for the money paid under this misapprehension. The allegation of fraud was immaterial and we think the case has no application here.

He also cites Santa Maria Water C. & I. District v. Towery Equipment Co., 241 S. W. 2d. 755, 758, by the El Paso Court of Civil Appeals, in which the plaintiff had purchased from the defendant a rebuilt Diesel engine, the contract containing certain warranties as to material and workmanship and brought suit for damages as a result of a breach of those warranties. In the alternative he sued in damages based on fraudulent misrepresentations. In affirming the trial court's order sustaining the plea of privilege the Court of Civil Appeals held: "* * * the cause of action alleged is for a breach of contract in not delivering a rebuilt engine, as well as for a breach of the express war-

ranties; in other words, a rebuilt engine as warranted was the consideration moving to appellant for the contract, and the fact that such an engine was not delivered is the breach of contract alleged."

Likewise in Long v. Humble Oil & Refining Company, 154 S. W. 2d. 925, 934, wr. ref. W.O.M., relied upon by relator, the plaintiff was held to a suit on contract and not in fraud. He claimed to have made a contract with the company by the terms of which he was to secure certain oil and gas leases for the company which in turn bound itself to develop the same and deliver to plaintiff an overriding royalty of an undivided 1/48th interest in the oil produced. The very thing he sought to recover was the royalty interest and in holding that the suit was one for breach of contract, the court said:

"In order for Article 4004 to apply to a transaction in real estate the false promise must relate to something which is collateral, and not be the consideration of the very contract, for breach of which plaintiff sues."

If in that case Long had purchased the royalty interest relying on a false representation, then he would have a suit founded on fraud.

We think that the decision of the Court of Civil Appeals on this point is sustained by the case of Sibley v. Southland Life Insurance Co., Texas Com. App., 36 S. W. 2d. 145. There it had been falsely represented by Sibley that each of the 22 lots was improved with a brick veneer house and promised that each house would be completed after the trade was effected. The court held that the rule provided in Art. 4004 for measure of damage in an action for deceit involving real estate transactions was applicable to these facts and the cause of action growing out of said promise was grounded in tort and not in contract. We see little distinction between the facts in that case and those before us.

We therefore approve the decision of the Court of Civil Appeals on both points believing the disposition of the case to be correct. The petition for the writ of mandamus is denied.

Opinion delivered October 7, 1953.

Rehearing overruled November 18, 1953.