BROWN COMPANY, a Corporation,
Appellant,

v.

R. B. TERRELL et al., Appellees.

No. 6751.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 24, 1958.

Rehearing Denied March 24, 1958.

Croslin & Pharr, Crenshaw, Dupree & Milam, Lubbock, for appellant.

Burks & Brown, McWhorter, Cobb & Johnson, Lubbock, for appellees.

PITTS, Chief Justice.

Originally, Hilton Supply Company, a partnership, filed suit in the district court of Lubbock County, Texas, on or about August 1, 1956, against R. B. Terrell for the balance due on a sworn account in the sum of $2,511.16, but Terrell succeeded in getting venue of the suit changed to Crosby County, Texas, where he resided. Thereafter on or about April 25, 1957, R. B. Terrell answered the claim of Hilton Supply Company with a general denial and charged that the alleged account was incorrect, untrue and unjust and cross filed for damages in the sum of $16,746.78 against Hilton Supply Company in a cross action. Thereafter on May 17, 1957, R. B. Terrell filed an amended original cross action against Hilton Supply Company and impleaded Brown Company, a corporation, as a party defendant, alleging in effect that Hilton Supply Company was a distributor of certain manufactured materials for Brown Company and the two had, through a joint adventure, perpetrated a fraud upon him in Crosby County, Texas, to his damage in the sum of $23,246.78 by selling to him, under a warranty, farm irrigation material which proved to be faulty and of no value, for which reason he sought judgment against both parties jointly and severally: Hilton Supply Company cross filed against Brown Company for judgment over against the said company for indemnity or contribution in any sum adjudged against it by the trial court in favor of R. B. Terrell. The record reveals that Hilton Supply Company is a partnership composed of Guy B. Hilton, Gordon Hilton and Velda Fern Johnson, engaged in a retail business in Lubbock, Texas, selling, among other items, farm irrigation supplies; that R. B. Terrell is a farmer who resides in Crosby County, Texas, and had previously been engaged also in pipe line contracting, laying natural gas lines; that Brown Company is a foreign corporation of the State of Maine manufacturing products for usage in sewage lines and disposals, farm irrigation and other such usage and shipping manufactured goods to various dealers over the country, including the State of Texas, for sale to consumers. In response to claims made against it by R. B. Terrell and Hilton Supply Company filed in Crosby County, Brown Company filed two separate pleas of privilege seeking to have the entire suit transferred to Dallas County, Texas, the county of its residence, where its principal office in Texas was located. R. B. Terrell and Hilton Supply Company each filed a controverting plea urging venue in Crosby County, Texas.

The trial court heard only the venue issues without a jury and overruled both pleas of privilege by judgment duly entered on August 21, 1957, from which judgment appellant, Brown Company, perfected an appeal and has presented five points of error contending that appellees failed to establish any fraud committed in Crosby County by appellant and that venue has not been established in Crosby County under any of the exceptions to the Venue Statutes, Art. 1995, Vernon's Ann.Civ.St.

While appellant has not specifically challenged by any point of error the sufficiency of appellees' pleadings we have examined the pleadings found in the transcript and those recited in the respective briefs of the parties and have observed that the pleadings filed by appellees alleged in effect that material misrepresentations were

made to R. B. Terrell in Crosby County by appellant, Brown Company, through its legal agents, to induce the sale of the farm irrigation supplies in question; that such representations so made by appellant were false and fraudulent; that they were believed and relied upon at the time, however, by R. B. Terrell; that such supplies, being pipes for carrying irrigation waters, were sold with a warranty by appellant to Terrell but were later found to be worthless and of no value to the damage of R. B. Terrell as alleged. In our opinion the pleadings of appellees are sufficient to meet the requirements of the law in such a case. 37–A Tex.Jur. 727, Sec. 349 and other authorities there cited.

■ It appears that appellant has challenged by points presented the sufficiency of the evidence heard. While the trial court was not requested to file findings of fact and conclusions of law and therefore did not file such, it must be presumed that its findings and conclusions considered were all in favor of and in support of its judgment rendered. Where no findings or conclusions were requested and none filed, it is the duty of this Court to affirm the judgment of the trial court if such can be sustained upon any reasonable theory supported by the evidence and authorized by law. Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706, 708 (writ refused). In determining the sufficiency of the evidence in support of the trial court's presumed findings, we must observe the well established rules to the effect that all evidence adverse thereto must be disregarded and only the evidence favorable to the presumed or implied findings can be considered, indulging every legitimate conclusion which tends to support such findings. Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, 686, and other authorities there cited. The foregoing rules are the same in a plea of privilege suit as they are in any other civil suit on appeal. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 99.

In its brief appellant admitted that:

"If Terrell proved his case within the meaning of the venue statute on his theory of fraud committed by Appellant in Crosby County, then all other considerations are immaterial."

Appellee Terrell admits that he relies upon establishing a prima facie case of fraud in Crosby County as provided for under Subdivision 7 of Art. 1995 but he likewise relies upon the provisions of Subdivisions 23 and 27 of the venue statutes also by establishing that his cause of action or a part thereof against appellant as a corporation arose in Crosby County as provided for under Subdivision 23 or under the provisions of Subdivision 27 which authorizes venue in Crosby County because his cause of action or a party thereof accrued in Crosby County against a foreign corporation, or he relies upon both specified subdivisions. Appellee, Hilton Supply Company, also relies upon the foregoing provisions of the venue statutes, and in support of its claims, further contends that Crosby County should have venue over its claims to avoid a multiplicity of suits.

■ In the case of Sterling Mut. Life Ins. Co. v. Larson, Tex.Civ.App., 99 S.W.2d 1013, 1015, this Court held that in a venue case alleging fraud in a named county the pleader has the burden of establishing only a prima facie case of fraud committed in such county by producing proof of the existence of the elements of fraud perpetrated in such county. However, it is not necessary to introduce all the testimony on the merits of the case. The requirements of the statutes have been met when the evidence shows a substantial controversy over the question of alleged fraud or shows transactions which probably or might have constituted an actionable fraud committed in the county of venue alleged. The matters of extent of injury and amount of damages are to be determined at the trial on the merits. These pronouncements of the rules were observed in the previous case of Ed-

monds v. White, Tex.Civ.App., 226 S.W. 819, 820, wherein the Court there likewise said:

"When the plaintiff introduces proof of a transaction which may constitute an actionable fraud, and shows that this transaction occurred in the county where the suit is filed, he has furnished all the essentials required to support a judgment sustaining the venue."

Some of the same venue rules were discussed by the Court in the late case of Cockburn v. Dixon, 152 Tex. 572, 261 S.W. 2d 689, 691. Among other venue pronouncements there made, the Court likewise said:

"The venue fact is whether or not the plaintiff has sustained damages, but the extent of those damages is an issue to be determined upon the merits of the case. On a plea of privilege hearing, to compel the introduction of evidence showing the exact extent of the damage would seem to be arbitrary, unduly burden the record and serve no useful purpose."

■ In addition to a number of exhibits introduced as evidence, three witnesses gave oral testimony, namely, John C. Moore, District Sales Manager of appellant, Brown Company, but who was a salesman for Hilton Supply Company at the time all material events here involved occurred, appellee, R. B. Terrell, and Gordon Hilton, one of the partners of Hilton Supply Company. The evidence reveals that appellant, Brown Company, manufactured, among other products, "Bituminous fiber pipe called Bermigation Pipe" commonly used originally for sewer lines. It was made from "wood pulp and rolled on a mandrel machine and put through driers and impregnated with coal tar pitch." During the years of 1955 and 1956, appellant began experimenting to see if it could be used by farmers in the process of irrigating their farm lands. Appellant's agents got in touch with appellee, R. B. Terrell, through the office personnel of Hilton Supply Company and arranged for a public demonstration of the use of the said pipe in Crosby County on the farm of Marvin Terrell, a brother of R. B. Terrell, to which demonstration many farmers and others came to see the performances. Soon thereafter another such public demonstration was conducted on another farm in Crosby County by appellant's agents. Thereafter Hilton Supply Company of Lubbock became one of appellant's distributors of the said pipe being recommended by appellant for farm irrigation purposes. Without detailing the facts we find there is evidence of probative force to the effect that, during the public demonstrations of the use of the pipe made by appellant's agents in Crosby County and subsequent thereto, appellant's agents while in Crosby County recommended to R. B. Terrell the use of the pipe for farm irrigation purposes in that area and then and there assured Terrell that appellant would "stand behind" the use and durability of the said pipe for the said purpose; that on September 29, 1955, appellant wrote a letter to appellee, R. B. Terrell, who received it through the mails in Crosby County, concerning the use of the said pipe and stating therein that the pipe "has been tested and found to have bursting strength values ranging from 165 to over 200 pounds per square inch" and enclosing therewith a "Manufacturers Certificate on Bermigation Pipe," which certificate recommended the use of the said pipe for "low-head irrigation use at working pressure of (15) fifteen pounds per square inch"; that through appellant's recommendations and warranties made to appellee Terrell in Crosby County concerning the said pipe, he believed appellant's statements by reason of which he was induced to buy a large quantity of the same from appellant through its distributor, Hilton Supply Company of Lubbock, for use in Crosby County; that such pipe was carefully laid for irrigation usage on several different farms in Crosby County and given a fair chance to perform as recommended by appellant, except that its use was tried under a working pressure of 7 to 10 pounds per square inch rather than 15 pounds as

recommended by appellant, but after a very short time the said pipe began to split and flatten out on the ground making its usage a complete failure, which gave it no value, to the damage of appellee, R. B. Terrell, in the total sum of $23,246.78 against Brown Company and Hilton Supply Company, jointly and severally. R. B. Terrell testified further in effect that after the failure of the pipe to perform, he tried unsuccessfully to get Brown Company and Hilton Supply Company to assume the burden of repairing it and trying to make it operate successfully, after which he himself and at his own expense tried without success to make the pipe operate.

Under the record as related, and the law governing such, it is our opinion that both the pleadings and the evidence are sufficient to support the trial court's judgment for which reason it was justified in overruling both pleas of privilege. Therefore, appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.