C & G COIN–METER SUPPLY CORPORA-
TION et al., Appellants,

v.

TARRANT STATE BANK, Appellee.

No. 16838.

Court of Civil Appeals of Texas.

Fort Worth.

June 2, 1967.

---

1. See cases cited in Lyles v. Texas Employers' Insurance Association, Tex.Civ. App., 405 S.W.2d 725, 727, syl. 4, writ ref. n. r. e.

J. A. Amis, Jr., Bryan, Hill, Paddock & Street, and Homa S. Hill, Fort Worth, for appellants.

Hudson, Keltner, Smith & Cunningham, and Dale B. Hinson, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from an order overruling a plea of privilege. Suit was filed by Tarrant State Bank, appellee against B-W Acceptance Corporation, a resident of Dallas County, Texas, and C & G Coin-Meter Supply Corporation and Calvin R. Guest of Brazos County, Texas. Suit is based on several theories for debt and damages. Plaintiff seeks joint and several recovery against the defendants. Appellants filed their plea of privilege and appellee its controverting plea. Upon hearing, the trial court entered its order overruling the plea of privilege without specifying the basis of its holding.

The appellants contend that the trial court erred if it held that this cause is maintainable against them in Tarrant County under any one or more of the following exceptions: 7 (pertaining to fraud), 9 (pertaining to trespass), 14 (pertaining to damages in reference to realty), 23 (pertaining to corporations), 29a (pertaining to joinder with some other exception to Art. 1995) because of no proper pleading, no evidence or insufficient evidence.

We affirm.

The more pertinent allegations relied upon by appellee are briefly outlined as follows:

(1) Tarrant State Bank is domiciled in Tarrant County. It is the sole owner of the property interest involved. The interest is essentially that of a leasehold estate in land and improvements thereon located in Fort Worth, Texas.

(2) B-W Acceptance Corporation (one of the defendants) was a financing affiliate of Borg-Warner Company. Norge was a division of Borg-Warner Company. C & G Coin-Meter Supply Corporation (another defendant) was a Norge distributor. It sold appliances manufactured by Norge, with financing by B-W Acceptance Corporation. Calvin R. Guest (the remaining defendant) was president and principal stockholder of C & G Coin-Meter Supply Corporation.

(3) C & G Coin-Meter Supply Corporation sold a Norge coin operated laundry and dry cleaning installation to tenants of the Tarrant State Bank. The transaction was financed by B-W Acceptance Corporation, incident to which the bank was required to subordinate its landlord's lien.

(4) The tenants defaulted on their lease with the bank. All interested parties were notified. The bank terminated the lease.

(5) All three defendants having been fully apprised of the circumstances and having failed and refused to remove the laundry and dry cleaning equipment, it is asserted that the defendants, having direct and contingent property interests in the equipment impliedly adopted the former tenants' lease and became liable for payment of rent to the bank as therein specified.

(6) In the alternative, it is asserted that by said defendants' use and occupancy of the premises and the wrongful detention thereof to the bank's detriment, they were guilty of a trespass and became liable to the bank for such wrongful use, occupancy and detention of said premises.

(7) Also in the alternative, it is asserted that Calvin R. Guest (one of the appellants herein), acting for himself and the other defendants, made certain false representations, promises and agreements to the bank which were actionable within the purview of Article 4004, Vernon's Ann. Tex.St.

(8) Also in the alternative, it is asserted that the said false representations, promises and agreements of Calvin R. Guest were actionable at common law on the theory of fraud and deceit.

(9) It is further asserted that when the equipment was finally removed, that even though entry on the premises was with the bank's permission, the reckless and wanton destruction of the bank's property as occurred during the course of removal of such equipment was neither authorized by the bank nor permitted at common law and constituted a trespass for which the defendants should be held liable, which damages pertained to an interest in realty.

(10) In view of the interrelationship between the acts, omissions and property interests of all three defendants, plaintiff has sought joint and several recovery.

■ Exception 7, Article 1995, V.A.T.S. (Fraud and defalcation), provides that: "In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile." The essence of the question to be determined is succinctly stated in 1 McDonald, Texas Civil Practice (Rev.Vol., 1965) § 4.13 at p. 464, as follows: "Venue under subdivision 7 may rest upon a false statement of present intention to perform, upon an undisclosed intention at the time of contracting not to perform, and similar misrepresentations where material and where relied upon by the complainant to his damage."

The statutory definition of actionable fraud is contained in Article 4004, V.A.T.S. In part it reads: "All persons making the false representations or promises and all persons deriving the benefit of said fraud, shall be jointly and severally liable in actual damages * * *."

Actionable fraud at common law includes any number of wrongful acts or omissions

relied upon by another party to his detriment.

"It is said that to state a cause of action for fraud that is based on false representations, the plaintiff is required to show that the defendant made or was connected with the making of the representation; that the representation was as to a material fact; that the representation was false at the time it was made; that the representation was made with intent to induce the plaintiff to do or refrain from doing some act; that the representation was relied on by the plaintiff—in other words, that the plaintiff believed it to be true and was induced thereby to act or refrain from acting; and that the plaintiff thereby suffered damage or injury." 25 Tex.Jur.2d 625, § 13, Fraud and Deceit.

The appellee alleged that appellant Guest made false representations to Mr. Singletary, its president, at its business office in Fort Worth, Texas, which representations pertained to the ownership of the laundry and dry cleaning equipment involved, and further falsely promised that C & G Coin-Meter Supply Corporation would enter into a lease personally guaranteed by Guest; that such representations and promises were material; that such representations and promises were false at the time they were made; that they were willfully made with the intent of securing appellee's forbearance; that such representations and promises were believed and relied on in good faith; and that in reliance upon such representations and promises appellee suffered actual damages as there set forth.

Damages sustained by appellee both as to loss of rent and physical damage to the property in question appear without contradiction. The appellee's president did in good faith believe the representations and promises made by Mr. Guest is further demonstrated by exhibits which appear in the record.

Mr. Guest admitted that he was president of C & G Coin-Meter Supply Corporation; that he was a principal stockholder of the company; that the company was a franchised distributor of "Norge Sales Corporation"; and that the company had a financing arrangement and maintained a dealer reserve account of approximately $100,000.00 with B-W Acceptance Corporation.

The admissions by Mr. Guest and exhibits clearly show that he had a vital interest in and authority to act for and in behalf of C & G Coin-Meter Supply Corporation; that C & G Coin-Meter Supply Corporation was a franchised representative of the Norge division or subsidiary of Borg-Warner Company; that B-W Acceptance Corporation extended 100% financing to C & G Coin-Meter Supply Corporation on the condition that C & G Coin-Meter Supply Corporation unconditionally guarantee payment to B-W Acceptance Corporation, by virtue of which C & G Coin-Meter Supply Corporation had a substantial interest in and liability on the indebtedness financed by B-W Acceptance Corporation; and that Mr. Guest came to Fort Worth with a representative of B-W Acceptance Corporation and had a conference with D. J. Singletary concerning the continued occupancy of the premises in question.

■■ There is without question a dispute between the parties as to the substance of the conversation between Mr. Guest and Mr. Singletary during their conference in May of 1963. Appellee's burden is not to prove its allegations beyond doubt, but to establish the essential elements of a controversy involving fraud. The testimony of Mr. Singletary, if believed, would certainly establish that Mr. Guest made fraudulent and false representations as to the ownership of the equipment in question and fraudulent and false promises as to the proposed lease agreement. The trial court was entitled to believe Mr. Singletary, and for the purposes

of determining the issues before this court it must be presumed that the trial court did believe Mr. Singletary. In the case of Brown Company v. Terrell, 310 S.W.2d 757, (Tex.Civ.App., 1958, no writ history) it is stated: "In the case of Sterling Mut. Life Ins. Co. v. Larson, Tex.Civ.App., 99 S.W.2d 1013, 1015, this Court held that in a venue case alleging fraud in a named county the pleader has the burden of establishing only a prima facie case of fraud committed in such county by producing proof of the existence of the elements of fraud perpetrated in such county. However, it is not necessary to introduce all the testimony on the merits of the case. *The requirements of the statutes have been met when the evidence shows a substantial controversy over the question of alleged fraud or shows transactions which probably or might have constituted an actionable fraud committed in the county of venue alleged.* The matters of extent of injury and amount of damages are to be determined at the trial on the merits. These pronouncements of the rules were observed in the previous case of Edmonds v. White, Tex. Civ.App., 226 S.W. 819, 820 * * *." (Emphasis added.) See also Cockburn v. Dixon, 152 Tex. 572, 261 S.W.2d 689, 691.

The record in this case demonstrates that the requirements necessary to sustain venue under Exception 7, Article 1995, V.A.T.S., have been met by appellee. We are further of the opinion that venue may be sustained under Exception 9 (trespass), 56 Tex.Jur.2d 10, Trespass, § 1. See also 1 McDonald, Texas Civil Practice (Rev. Vol., 1965) § 4.17.1 at p. 471; 56 Tex. Jur.2d 13, Trespass, § 4.

Being of the opinion that venue may be sustained under either exception 7 or 9 we defer discussion of the points involving other exceptions.

All points of error are overruled and the judgment of the trial court is affirmed.