ENSERCH EXPLORATION,
INC., Appellant,

v.

STAR TEX PROPANE, INC., Appellee.

No. 6211.

Court of Civil Appeals of Texas,
Waco.

Nov. 6, 1980.

Rehearing Denied Dec. 11, 1980.

Eric D. Archer, Enserch Exploration, Inc., Dallas, for appellant.

John W. Fulbright, Fulbright, Winniford, Bice & Marable, Waco, for appellee.

## OPINION

JAMES, Justice.

This is a venue case involving Subdivisions 7 (fraud) and 29a (necessary parties) of Article 1995, Vernon's Texas Civil Statutes. On December 31, 1975, Plaintiff–Appellee Star Tex Propane, Inc. purchased a propane sales and distribution business from Lone Star Gas Co., an unincorporated division of Enserch Corporation, Inc. In the spring of 1977 Star Tex brought this suit against Defendant Enserch Corporation, Inc., alleging fraud in the inducement of this sale. In June of 1978 Star Tex joined Defendant–Appellant Enserch Exploration, Inc., alleging in effect that Enserch Exploration, a wholly–owned subsidiary of Enserch Corporation, had conspired with Enserch Corporation to commit the fraud which induced the purchase of the propane business. Enserch Exploration filed a plea of privilege to be sued in Dallas County, the county of its residence, which plea was controverted by Star Tex, relying on Subdivisions 7 and 29a to sustain venue in McLennan County. The trial court overruled Enserch Exploration's plea of privilege. We affirm the trial court's ruling.

Appellant Enserch Exploration asserts five points of error, to wit: (1) the trial court erred in allowing Plaintiff–Appellee to use portions of W. T. Robison's deposition as evidence against Defendant Exploration for the stated reason that Exploration was not a party to the suit at the time the deposition was taken; (2) the trial court erred in allowing Plaintiff–Appellee to use Answers to Written Interrogatories (pursuant to Rule 168, T.R.C.P.) propounded to Defendant Enserch as evidence against Exploration for the asserted reason that the Rules of Civil Procedure do not allow such utilization of written interrogatories under such circumstances; (3) the trial court erred in failing and refusing to take judicial notice of certain Federal Energy Administra-

tion Regulations; and (4) there was no evidence and (5) insufficient evidence to support the requisite elements of proof for Subsections 7 and 29a of Article 1995. We overrule all of Appellant's points and contentions and affirm the trial court's judgment.

■ Appellant's points (1) and (2) are without merit because the admission into evidence of W. T. Robison's deposition and Defendant Enserch's answers to the written interrogatories complained of, if error, was necessarily harmless, because such evidence was merely cumulative of other probative evidence in the record not complained of which in our opinion is amply sufficient to support the trial court's judgment.

■ Appellant's point three (asserting error of the trial court in failing and refusing to take judicial notice of certain Federal Energy Administration Regulations) is overruled because Appellant has waived this point of error. The record reflects, and Appellant's brief recites, that the trial court never at any time acted upon Appellant's Motion requesting the trial court to take such judicial notice. In the absence of such action by the trial court, this point of error is waived.

Appellant's points 4 and 5 assert that the evidence is legally and factually insufficient to support the requisite elements of proof for Subsections 7 and 29a of Article 1995. Our careful examination of the entire record impels us to the conclusion that there is ample evidence to support such elements of proof.

Defendant Enserch is a Texas Corporation, and filed no plea of privilege herein. The Lone Star Gas Company is an unincorporated division of Defendant Enserch. Defendant–Appellant Enserch Exploration, Inc. is a wholly–owned subsidiary of Defendant Enserch. W. T. Robison was at all times pertinent hereto an officer of Enserch Exploration, his title being, "Manager of Marketing Section of Gas Liquids Department."

In December of 1975 an employee of Lone Star Gas Co. contacted Newman E. Copeland, who later organized Star Tex Propane, Inc., informed him that Lone Star Gas Co. planned to sell the propane distribution business headquartered in Waco, McLennan County, Texas, and inquired if he (Copeland) would be interested in purchasing the business. After this, Mr. Copeland made inquiry at Dallas, Texas, of two officials of Lone Star Gas Co., to wit, Mr. Moffitt and Mr. Luttrell, regarding the present and future price of propane; whereupon, said officials told Copeland as to what the present price was, which was substantially below competition. However, Moffitt and Luttrell told Copeland that he would need to talk to W. T. Robison to find out about the future pricing of propane. As stated, W. T. Robison was an officer of Enserch Exploration. At that time, Robison was out of town and unavailable. Copeland testified that one of the most important factors to be considered concerning whether he bought this business or not was the method whereby propane would be priced to him by Lone Star, Enserch, and/or Exploration. At the time Copeland talked to Moffitt and Luttrell, the propane was priced at 14¢ per gallon, which was below competitive pricing.

On the Monday following Copeland's conversation with the two Lone Star officials, which Monday fell on December 15, 1975, Copeland made a long distance telephone call from Waco, Texas, to W. T. Robison at Dallas, Texas, whereupon Copeland asked Robison about how future pricing of propane would be handled. Copeland testified that Robison told him that the present price being charged (14¢ per gallon) was the ceiling price, according to Federal controls, and if controls remained, the price would remain the same, except that the F.E.A. (Federal Energy Administration) would allow Lone Star Gas to "pass through" increases in cost. Copeland testified that in reliance upon these representations, he arranged to buy the propane business, set up Star Tex Propane, Inc., (Plaintiff–Appellee herein) for the purpose of carrying on said business, and the sale from Lone Star Gas Co. to Star Tex Propane, Inc., was closed on December 31, 1975.

About six weeks later, by letter dated February 17, 1976, over the signature of W. T. Robison, Enserch Exploration told Plaintiff–Appellee Star Tex that Exploration was adopting a new pricing procedure whereby all the product costs would be "aggregated" for the purpose of determining their selling price. This was followed by another letter from Exploration over Robison's signature to Star Tex Propane dated February 25, 1976, wherein Exploration announced an increase in price from 14¢ to 18¢ per gallon.

Copeland testified that Robison later denied that he made the representations over the telephone in the conversation of December 15, 1975, as hereinabove set out.

Plaintiff–Appellee contends that at the time of the long distance telephone call from Copeland to Robison regarding the future price of propane, that Robison knew, and therefore Exploration knew, that it (Exploration) intended to change its pricing policy, and therefore that this intentional misrepresentation as to future pricing policy constituted actionable fraud.

■ Actionable fraud can be based upon a promise of future action accompanied by a present intention not to perform. *Stanfield v. O'Boyle* (Tex.1971) 462 S.W.2d 270. And if the Defendant denies that he made the alleged promise which was not performed, this is some probative evidence to support the trial court's implied finding that the Defendant had no intention of performing at the time he made the promise. See *K. W. S. Mfg. Co. v. McMahon* (Tex.Civ.App., Waco 1978) 565 S.W.2d 368, NRE, and the cases cited therein on p. 371. Plaintiff–Appellee contends that Defendant–Appellant's fraud is based on the fact that it changed its method of pricing between the time Robison's asserted misrepresentations were made (before Plaintiff bought the business) and about two months later (after Plaintiff had bought the business). Copeland testified concerning his damages resulting from Defendant–Appellant's changing of its method of pricing.

Robison's asserted misrepresentation to Copeland was by long distance telephone conversation, with Robison being in Dallas County and Copeland in McLennan County. This is sufficient to establish that fraud was committed in McLennan County. See *Rogers v. B. & R. Development, Inc.* (Tex.Civ. App., Fort Worth 1975) 523 S.W.2d 15, no writ; *Texas Employers Insurance Assn. v. Sprabery* (Tex.Civ.App., Fort Worth 1974) 507 S.W.2d 340, no writ.

With reference to damages, Copeland testified that two months after acquiring the propane business, the 4¢ per gallon increase was put into effect, and about the same time, his competitors received price reductions. The sales agreement contains an allocation of more than 4,000,000 gallons per year; and based upon this allocation, and the favorable pricing which Plaintiff–Appellee had before the change, Copeland testified that the change in the pricing procedure had cost him about $100,000 per year. It is not necessary to prove a specific amount of damages at a Subdivision 7 venue hearing. *Cockburn v. Dixon* (1953) 152 Tex. 572, 261 S.W.2d 689.

Subdivision 7 of Article 1995, requires that Plaintiff–Appellee plead and prove that the Defendant committed actionable fraud in the county where the suit was filed. These elements of actionable fraud are (1) a false representation made by the Defendant; (2) reliance thereupon by the Plaintiff; (3) action in reliance thereupon by Plaintiff; and (4) damage resulting to the defrauded party from such representation.

In the case at bar, in our opinion the evidence is ample to support the trial court's implied findings that actionable fraud was committed in McLennan County, Texas.

Moreover, the evidence is ample to show that Defendant–Appellant Enserch *Exploration, Inc. acted in concert with* Defendant Enserch concerning such actionable fraud, and actually sold most if not all of the propane to Plaintiff–Appellee after August 13, 1976. Therefore, Defendant–Appellant Enserch Exploration is a necessary party (within the meaning of Subdivision 29a, Article 1995), to the suit against Enserch Corporation, the parent corporation.

For the foregoing reasons, we are of the opinion and hold that venue as to Defendant–Appellant Enserch Exploration, Inc. properly lies in McLennan County. Judgment of the trial court is accordingly affirmed.

AFFIRMED.