

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00102-CV


ANDREW H. JACKSON                                                    APPELLANT

V.

JOHN W. JACKSON, VICTORIA                                          APPELLEES
JACKSON BANNISTER, MELINDA
L. JACKSON AS EXECUTRIX OF
THE ESTATE OF MONROE SCOTT
JACKSON II, LINDA M. WELTY,
O.B. JACKSON JR., GAINES
BRADFORD JACKSON, SUSAN D.
HENSLEY, AND MARJORYE M.
HELDT


----------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 096-271894-14

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

In three issues, Appellant Andrew H. Jackson (Andrew) appeals the denial of his motion to transfer venue from Tarrant County to Midland County. First, he contends that seven of the eight parties who have brought suit against him failed to establish independently that venue in Tarrant County was proper as to them as required by section 15.003(a) of the civil practice and remedies code. Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a) (West Supp. 2016). Second, absent the seven parties' failure to establish that venue in Tarrant County was proper as to them independently under section 15.003(a), Andrew further argues they failed to establish venue was proper under the alternate venue provisions—the joinder venue provisions—set out in section 15.003(a)(1)–(4) of the civil practice and remedies code. *Id.* § 15.003(a)(1)–(4). Finally, he maintains he showed venue was proper in Midland County, which he contends was his county of residence. We overrule all three issues and affirm the trial court's order denying Andrew's motion to transfer venue.

## Background

Andrew, his three siblings, and seven of his cousins inherited mineral interests in real property located in Ward County, Texas. In 2010, after Andrew helped facilitate a deal to lease some of the property to Erin Oil Company, he, his siblings, and his cousins executed the lease. According to the plaintiffs (eight of the property owners), Andrew negotiated an additional bonus and an overriding royalty for himself that none of the other siblings and cousins received without disclosing that fact to them.

Three family members—John W. Jackson, Victoria Jackson Bannister, and Melinda L. Jackson as Executrix of the Estate of Monroe Scott Jackson II—filed an original petition in Tarrant County on April 30, 2014. Five others—Linda M. Welty, O.B. Jackson Jr., Gaines Bradford Jackson, Susan D. Hensley, and Marjorye M. Heldt—filed a petition in intervention on May 27, 2014. We refer to John W. Jackson as "John," and we refer to the remaining seven as "the other family members."

All eight family members are represented by the same attorneys. "Plaintiffs' Original Petition" and the "Petition in Intervention" contain identical allegations:

> Defendant, having represented himself as having decades of prior professional experience, knowledge, industry connections, and expertise in the oil and gas industry, often brought leasing opportunities to the Family for oil, gas, and salt water disposal wells on Family Property dating back to 1981. Historically, oil, gas, and salt water disposal leasing opportunities on the Property were brought to the Family through Defendant and the offers were subsequently communicated through Plaintiff John W. Jackson to the remaining family heirs.

Both the "Plaintiffs' Original Petition" and the "Petition in Intervention" identified Tarrant County as John's residence.

In his "Motion to Transfer Venue and Defendant's Answer to Plaintiff's Original Petition and Plaintiff's Plea of Intervention," Andrew asserted that venue was proper in Midland County because the cause of action arose there and that Midland County was a more appropriate venue because his "business records and material witnesses" were located there. In his answer, Andrew specifically

3

denied the existence of a fiduciary relationship between the parties, and he also asserted a general denial.

Two months later, Andrew, now represented by counsel, filed a "Defendant's First Amended Motion to Transfer Venue and, subject thereto, Defendant's First Amended Original Answer." Tex. R. Civ. P. 86. In his amended pleading, Andrew again denied that venue was proper in Tarrant County because "a substantial part of the alleged events or omissions giving rise to Plaintiffs' claims" did not occur in Tarrant County and added that "Plaintiffs' residence is not located in Tarrant County." He further alleged that venue was proper in Midland County because it was "the county in which all or a substantial part of the alleged events or omissions giving rise to the claims occurred," that the "oil and gas lease [was] negotiated and executed in Midland County," and that Andrew resided in Midland County at the time the "alleged cause of action" accrued. Finally, he asserted that there were "no facts to justify a suit being maintained in Tarrant County."

Alternatively, citing civil practice and remedies code section 15.002(b), Andrew moved for a venue transfer based on convenience of the parties, alleging that maintaining the lawsuit in Tarrant County "works an injustice to the Defendant," that the "balance of the interests of the parties predominates in favor of [the] lawsuit being brought in Midland County," and that a transfer of venue to Midland County "would not work an injustice to the Plaintiffs." Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a), (b) (West 2002).

4

In his affidavit attached to his amended motion, Andrew asserted he was in Midland County during any conversations he had with others. However, Andrew did not deny that John lived in Tarrant County, did not address whether John was in Tarrant County when the two had conversations about the deal, and did not deny that the customary practice among the parties was to have Andrew communicate proposed business deals with John and then for John to relay that information to the other family members.

John and the other family members filed a joint response to Andrew's first amended motion to transfer venue. They claimed that John resided in Tarrant County, that Andrew made the misrepresentations during a telephone conversation he had with John while John was in Tarrant County, and that Andrew later defrauded them by self-dealing, arguing that "venue is proper where the fraudulent statements were heard by [John], Tarrant County, as the victimized party and the Plaintiff in the lawsuit, which [John] later restated to the various other [family members] in the lawsuit who resided and continue to reside across Texas and in adjoining states." John and the other family members cited numerous cases in support of their contention that "pursuant to *Texas Civil Practice & Remedies Code* § 15.002(a)(1) all or a substantial part of these events occurred in Tarrant County and [John and the other family members] properly filed suit in Tarrant County." They also attached to their joint response an affidavit by John, which provided,

5

3. I have hired my attorneys to represent me because of the misrepresentations Andrew H. Jackson made to me regarding the oil and gas lease that made the basis of this lawsuit, specifically that the $90 per acre bonus payment and the twenty percent (20%) royalty in the lease were the best the family could obtain. Andrew H. Jackson never disclosed to me that he had an overriding royalty interest in the oil and gas lease that made the basis of this lawsuit. The telephone conversations I had with Andrew H. Jackson regarding the oil and gas lease that made the basis of this lawsuit, including his misrepresentations to me concerning the bonus payment and royalty percentage, occurred when I was in Tarrant County, Texas. I heard all the telephone conversations with Andrew H. Jackson regarding the oil and gas lease that made the basis of this lawsuit in Tarrant County, Texas. All the information I received from Andrew H. Jackson regarding the oil and gas lease that made the basis of this lawsuit was received by me over the telephone, at my home in Tarrant County, Texas. I have relied on Andrew H. Jackson's purported experience in the oil and gas industry and prior transactions since approximately 1981. I relied on Andrew H. Jackson's statements regarding the bonus payments and royalty percentage during the oil and gas lease negotiations. I conveyed all the information regarding the oil and gas lease that made the basis of this lawsuit from Tarrant County, Texas. I asked my attorneys to file this lawsuit in Tarrant County, Texas.

In his reply to their joint response, Andrew conceded that venue was proper as to John. However, he continued to assert that venue was improper as to the other family members because he did not communicate with them directly. Andrew also attacked perceived deficiencies in the affidavits—or in some instances the total absence of affidavits—of the various other family members but did not attack (1) John and the other family members' respective pleadings in which they asserted John received details of the deal in Tarrant County from Andrew and that John thereafter, as was customary, communicated Andrew's proposed deal to the other family members or (2) John's affidavit.

6

The trial court heard the venue motion on February 13, 2015, and denied the motion by written order on March 2, 2015. On March 20, 2015, Andrew filed his notice of appeal.

**Jurisdiction**

John and the other family members assert this court does not have jurisdiction over Andrew's interlocutory appeal. Generally, interlocutory orders, including rulings on motions to transfer venue, are not appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(c); Tex. R. Civ. P. 87(6). However, in cases involving multiple plaintiffs, civil practice and remedies code section 15.003(b) expressly authorizes an interlocutory appeal of a trial court's determination that a plaintiff did or did not independently establish proper venue as required under section 15.003(a) or, alternatively, did or did not establish the joinder criteria set out in subsections 15.003(a)(1)–(4). Tex. Civ. Prac. & Rem. Code Ann. § 15.003(b).

John and the other family members contend that because the trial court's order does not specify the basis upon which it ruled, it is possible that the trial court did not rule pursuant to section 15.003; therefore, it is possible that the order being appealed is something other than a section 15.003 order, meaning this court would lack jurisdiction. *See Basic Energy Servs. GP, LLC v. Gomez*, 398 S.W.3d 734 (Tex. App.—San Antonio 2010, order), *disp. on merits*, No. 04-10-00128-CV, 2010 WL 4817053 (Tex. App.—San Antonio Nov. 24, 2010, pet.

7

denied) (mem. op.). We disagree. In a multiple-plaintiff case, every order on a motion to transfer venue will necessarily determine whether each plaintiff did or did not independently establish proper venue. *See Union Pac. RR Co. v. Stouffer*, 420 S.W.3d 233, 236–38 (Tex. App.—Dallas 2013, pet. dism'd). We overrule John's and the other family members' jurisdictional issue.

## The Motion to Transfer Venue

Our review of a ruling on a motion to transfer venue is de novo. *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 603 (Tex. 1999). In our review, "[a]ll venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party. When a venue fact is specifically denied, the party pleading the venue fact must make prima facie proof of that venue fact . . . ." Tex. R. Civ. P. 87(3); *see GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 543 (Tex. 1998) ("[T]he pleadings at any given point in time after a motion to transfer is filed may or may not establish a prima facie case of proper venue, depending on what has been filed by the plaintiff and what has been filed by the defendant.").

While Andrew denied that venue was proper in Tarrant County, he did not specifically deny that he contacted John in Tarrant County. This contact was the only basis on which John relied to establish that venue was proper in Tarrant County. In his reply to the response to the venue motion, Andrew "acknowledge[d] that Plaintiff John W. Jackson has established that Tarrant County is a county of proper venue with respect to his claims."

8

Similarly, Andrew never specifically denied that he communicated with John in Tarrant County or that he did so in conformity with the customary practice among the parties that John would share the information with the other family members. Accordingly, in the absence of a specific denial, we take that fact as true. *See* Tex. R. Civ. P. 87.3; *see also Gonzalez v. Nielson*, 770 S.W.2d 99, 102 (Tex. App.—Corpus Christi 1989, writ denied) ("Appellant's motion to transfer venue specifically denies that the cause of action arose in the county of suit . . . . However, it does not specifically deny that appellant contracted to pay the note in San Patricio County. Therefore, . . . appellee established proper permissive venue in that county . . . .").

When Andrew telephoned John in Tarrant County with the understanding that his statements would be conveyed by John to the other family members, Andrew made Tarrant County the hub for the dissemination of his business proposition to the other family members. This business proposition was ultimately accepted by John and the other family members and now forms the basis of their lawsuit against Andrew. Thus, Andrew's telephone call to John in Tarrant County—which Andrew acknowledged established Tarrant County as proper venue as to John under section 15.002(a)(1)—would be sufficient under section 15.002(a)(1) to render Tarrant County a proper venue for the other family members who sued him. *See Enserch Expl., Inc. v. Star Tex Propane, Inc.*, 608 S.W.2d 791, 794 (Tex. App.—Waco 1980, no writ) (plaintiff in McLennan County made a long-distance telephone call to defendant in Dallas County during

9

which defendant made representations that became the basis of plaintiff's suit; venue sustained in McLennan County); *Rogers v. B & R Dev., Inc.*, 523 S.W.2d 15, 16–18 (Tex. App.—Fort Worth 1975, no writ) (plaintiff in Tarrant County placed one telephone call to defendant's attorney in Dallas County, during which defendant's attorney misrepresented acreage of land defendant wanted to sell in Tarrant County; plaintiff negotiated in Dallas County the sale of tract of land; defendant, who lived in Harris County and who sought a change of venue to Harris County, maintained his attorney's misrepresentation of acreage was unauthorized; venue sustained in Tarrant County).  All of the other family members, having established Tarrant County as a county in which all or a substantial part of the events or omissions giving rise to the claim occurred, have, therefore, independently established proper venue in compliance with section 15.003(a).  We overrule Andrew's first issue.

Because we have determined the other family members independently established proper venue under section 15.002(a)(1), we need not address Andrew's second issue regarding whether the other family members were properly joined under subsections (1) through (4) of section 15.003(a).  *See* Tex. R. App. P. 47.4.  We overrule Andrew's second issue as moot.

In Andrew's third issue, he contends that the trial court erred by denying his motion to transfer venue because he showed that Midland County was a county of proper venue.  Under the venue rules, venue may be proper in more than one county.  *See GeoChem Tech Corp.*, 962 S.W.2d at 544.  Generally,

10

plaintiffs are allowed to choose venue first, and that choice cannot be disturbed as long as the suit is initially filed in a county of proper venue. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *Wyatt v. Shaw Plumbing, Co.*, 760 S.W.2d 245, 248 (Tex. 1988) ("As long as the forum is a proper one, it is the plaintiff's privilege to choose the forum."). Only if venue had not been established as to any plaintiff would we need to address Andrew's proposed transfer to Midland County. *See Masonite Corp.*, 997 S.W.2d at 197. Because John and the other family members established that venue was proper in Tarrant County, we overrule Andrew's third issue.

## Conclusion

Having overruled Andrew's three issues attacking the denial of his motion to transfer venue, we affirm the trial court's order.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and SUDDERTH, JJ.

DELIVERED: September 22, 2016

11