C. E. HEARD et al., Appellants,

v.

R. E. HEARD et al., Appellees.

No. 13084.

Court of Civil Appeals of Texas.

Galveston.

June 20, 1957.

Rehearing Denied Sept. 12, 1957

W. E. Barron, Navasota, and George Red and Pat N. Fahey, Houston, for appellants.

Robert W. Dean, Navasota, and James W. Dilworth, F. L. Andrews, and Andrews, Kurth, Campbell & Bradley, Houston, for appellees.

Malcolm R. Wilkey, U. S. Atty., and Willard I. Boss, Asst. U. S. Atty., Houston, for United States of America, amici curiæ.

GANNON, Justice.

Appellees have moved to dismiss the appeal for want of jurisdiction, basing their motion on two grounds, but we find it necessary to discuss only the first which asserts that the appeal bond was not filed with the Clerk of the trial court "within thirty days after the date of rendition of judgment" [Rule 356, Texas Rules of Civil Procedure], even when that rule is read in the light of Rule 306a, T.R.C.P., providing that "In determining the periods within

which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge *as stated therein.*" (Emphasis supplied.)

The original transcript certified by the Clerk of the trial court includes a copy of a duly approved and proper appeal bond, the date of filing being shown as July 24, 1956. Appellees seek, under the second ground of their motion, to impeach by affidavit the certification in the transcript of the filing of the bond on the date shown, but for purposes of our discussion we assume that the appeal bond was filed on July 24, 1956.

Trial below was to the court without a jury. There was no motion for new trial, and the appeal is directly from the judgment. It appears from the copy of the judgment certified in the transcript that the case went to trial on June 4, 1956, and that on June 13, 1956, the court, "being of the opinion, and so finding, that the law and the facts are with the defendant and cross-plaintiff, Belle Heard, enters [renders] the following judgment:", being the judgment appealed from. July 24, 1956, is more than thirty days after June 13, 1956. The original transcript shows an "(s)" before the signature of the trial judge on the judgment. Also, the original transcript shows the following underneath the court's said signature: "(s) and filed June 26, 1956." However, by supplemental transcript the original of the judgment has been brought forward. This original, actually signed by the trial court, bears only the following:

Max M. Rogers
Judge Presiding

On this original draft there is no "(s)" before Judge Rogers' signature, and no notation as follows: "(s) and filed June 26, 1956." The presence in the original transcript of the "(s)" before Judge Rogers' signature, and the notation of filing, is explained by affidavit of the Clerk of the

trial court, which also appears in the supplemental transcript. This affidavit reads in part:

"In preparing the original transcript of the Judgment rendered in that certain cause Numbered 20,023 and styled C. E. Heard et al. v. R. E. Heard et al., pending in the District Court of Grimes County, Texas, for the 12th Judicial District, I made the following notation on the transcript copy of the Judgment, following the signature of the Judge: '(s) and filed June 26, 1956.' This notation refers to the date I, as District Clerk, signed my name on the outside of the jacket of said Judgment and filed the same in my office and does not in any manner refer to the date the Judgment was signed by Judge Max M. Rogers. I do not, of my own personal knowledge, know when the Judgment was signed by the Judge although there is nothing on file in my office to indicate that it was signed and rendered on any day other that June 13, 1956, this being the date stated in the Judgment."

It does not appear from the transcript, as was the case in Cox v. Payne, Tex.Civ.App., 231 S.W.2d 957, that appellants at any time filed a motion in the trial court asking the court to amend its judgment by changing the date recited therein as the date of its rendition, to wit: June 13, 1956, to any other date, or to have the judgment show on its face that it was not signed until a later date. This is probably due to the fact, as stated in one of the briefs, that "no one, including Judge Rogers * * * seems to have any independent recollection." Appellants' contention, which is that the judgment was actually signed June 26, 1956, is based on the appearance, underneath the copy of the signature of the trial judge shown in the original transcript, of the notation: "(s) and filed June 26, 1956", and on the further fact that on the 20th day of August, 1956, the trial court extended the time to file the statement of facts in order to comply with Rule 306a, T.R.C.P.

This motion was granted fifty-five days after June 26, 1956, the date appellants contend the judgment was signed, but sixty-eight days after June 13, 1956, the date of rendition recited in the judgment. The appellants say, "The trial judge knew the date on which he rendered judgment. His act in extending the time would have been void and ineffective under Rule 381 if judgment was rendered on June 13. Granting the request for an extention of time to file amounted to a holding by the trial judge who knew the facts that judgment was not rendered on June 13, and with the other facts shown above [the notation of filing on June 26] fixes the date of rendition and signing the judgment as June 26."

■ Nothing is better settled than that appellate jurisdiction, including timely filing of the appeal bond, must affirmatively appear from the record. 3–A Tex.Jur., Sec. 384, page 477. It is clear the judgment appealed from was actually rendered on June 13, 1956. It is also clear that no appeal bond was filed within thirty days after that date. So, unless we are free to determine on the basis of the foregoing that the written draft of the judgment was not signed until such a time that the date of the filing of the appeal bond, July 24, 1956, was within thirty days after the date of such actual signing, we are plainly without jurisdiction.

On the record before us, we feel bound to accept for all purposes the date of rendition of the judgment recited therein, to wit: June 13, 1956, from which it follows that we are without jurisdiction to enter any order other than to dismiss the appeal.

■ Under Rule 356, T.R.C.P., the appeal bond must be filed within thirty days after the date of rendition of the judgment appealed from. Under Rule 306a, for the purpose of determining the time for the various steps on appeal, the date of the rendition of judgment or order appealed from is deemed to be the date upon which the written draft is signed by the trial judge "as stated therein." In the present record there is no express or specific statement in the written draft of the judgment appealed from in respect to the date of its signing. In the absence of such a statement, it must be presumed that the judgment was rendered on the date recited on its face, June 13, 1956—a date more than thirty days prior to the filing of the appeal bond.

■ The notation of the date of *filing* made by the Clerk beneath the signature of the judge is, in our opinion, without force to establish the date the judgment was signed. Actually, judgments and orders are not required to be filed. Nor may it be said that either the date of the entering or the date of the filing of judgments and orders may be taken as indicative of the date they were signed. In Polis v. Alford, Tex.Civ. App., 267 S.W.2d 918, 919, there appeared below the judge's signature the notation: "Entered: Feby. 3, 1954." The court said:

"This notation is not in substantial compliance with Rule 306a, Texas Rules of Civil Procedure, which provides that when a judgment is 'reduced to writing and *signed* by the trial judge *and the date of signing stated therein*', such date may be taken as the date of rendition of judgment for the purpose of determining the periods within which the various steps of an appeal may be taken. The term 'entered' is not synonymous with the word, 'signed', but has a definite fixed legal meaning and refers to the ministerial act of the clerk of a court in spreading the judgment upon the minutes. Bostwick v. Bucklin, 144 Tex. 375, 190 S. W.2d 818, and authorities therein cited."

We think this language has application here. The date the Clerk places his file mark on a judgment may no more be taken as the date of rendition than may the date when the judgment is entered on the minutes.

Also, we are convinced that we are not free to draw the inference from the court's action in extending the time for the filing of the statement of facts beyond the permissible time under the Rules, that the judgment was not signed until June 26, 1956, as contended by appellants.

■ In Cox v. Payne, Tex.Civ.App., 231 S.W.2d 957, 958, the judgment there involved showed on its face that it was rendered January 27, 1950. Apparently, however, the judgment was not actually signed until February 17, 1950. In that case the appellant filed a motion in the trial court to correct and amend the judgment to show that the judgment, though rendered January 27, 1950, was not actually reduced to writing and signed until February 17, 1950. The motion was resisted, and was not granted, but the trial court did sign a certificate stating: "* * * that he announced his judgment in open court in the presence of all parties on January 27, 1950, and directed that the judgment be accordingly drawn and that it was so drawn *but the same was not signed by him until February 17, 1950."* (Emphasis supplied.) The Amarillo court sustained a motion to dismiss the appeal for want of jurisdiction because the appeal bond was not filed within thirty days after January 27, 1950. In arriving at the stated result, the Amarillo court stressed the words, "as stated therein" appearing in Rule 306a, T.R.C.P. Similar stress on the same words is found in the opinion of the San Antonio court in Polis v. Alford, supra. In Cox v. Payne, the judgment showed on its face both that it was rendered and signed January 27, 1950. In the present case, the judgment shows only that it was rendered on June 13, 1956. It does not show on its face what date it was signed, but we are convinced that in the absence of a recital showing on the face of the judgment, as contemplated by Rule 306a, that the judgment was signed on a different date, the date of rendition as recited therein governs and controls and that such date of rendition may not be impeached for purposes of appeal by affidavits

or otherwise, or by anything short of the amendment of the judgment itself. This is a ready procedure open to any appellant who is able to establish to the satisfaction of the trial court the date of actual signing. If, as is indicated by the briefs, it was impossible to establish such date by proper proceeding in the trial court, we surely ought not to be free to do so here by inference and speculation.

■ Without a statement "therein" as contemplated by Rule 306a, T.R.C.P., the date of rendition of a judgment as recited on its face is, we are inclined to think, conclusive. Here there is no question but that the judgment recites it was entered [rendered] on June 13, 1956. In the light of recognized principles of construction and interpretation, and in the absence of a recital in the judgment in compliance with Rule 306a to show the date of its signing, we feel the date of rendition appearing on the face of the judgment must govern for appeal purposes. While the court rules are to be liberally construed to ensure a fair and equitable adjudication of the rights of litigants, still their plain content may not be ignored. Nor do we have power, where questions in respect to our jurisdiction are involved, to waive the requirements of the rules. Rule 306a is in the nature of a proviso or exception to Rule 356. By its terms the presumption there established is applicable only when the date of signing is "stated therein." Under the rule that the exception of one thing excludes another, provisos such as the presumption created by Rule 306a evidence an intent that the general rule applies in all cases not plainly excepted. Broughton v. Humble Oil & Refining Co., Tex.Civ.App., 105 S.W.2d 480, 485, error refused. We are not free in construing the rules to enlarge them to include cases not within their terms. 39 Tex.Jur., Statutes, Sec. 101, page 192. And we feel the proviso of Rule 306a must be construed in connection with Rule 356 and be given effect only "according to the clear meaning of the language used." 39 Tex.Jur., Statutes, Sec. 102, page 193.

Since no appeal bond was filed within thirty days after the date of rendition of the judgment appealed from as same appears of record, whether such date be tested under the provisions of Rule 356, or under the provisions of Rule 306a, it follows that our jurisdiction does not affirmatively appear, and we conclude, albeit reluctantly, that the appeal must be dismissed.

Appeal dismissed.

BELL, J., not sitting.