**Freida Mae BECNEL and Mrs. Hazel McKissack, Appellants,**

v.

**R. J. BECNEL, Appellee.**

No. 7203.

Court of Civil Appeals of Texas.

Texarkana.

April 26, 1960.

Rehearing Denied May 17, 1960.

Long, Strong, Jackson & Strong, Carthage, for appellant, Freida Mae Becnel.

Fred Whitaker, Ruff Wall, Carthage, for appellant, Hazel McKissack.

Smith & Hall, Marshall, for appellees.

FANNING, Justice.

This is a divorce and child custody case. The property rights of the husband and wife were settled by agreement and approved by the judgment in the cause. R. J. Becnel, plaintiff below, brought suit in the District Court of Panola County, Texas

against his wife, Freida Mae Becnel, who answered and filed a cross-action. Mrs. Hazel McKissack, mother of Mrs. Becnel, intervened and sought custody of the two minor children involved in the litigation.

A jury was waived. The trial was commenced on January 21, 1959 in the District Court of Panola County, Texas, before Hon. Joe C. Gladney, Judge of the 4th Judicial District Court of Texas, which district is comprised of Rusk County, Texas, on an exchange of benches with Hon. Ward Chandler, Judge of the 123rd Judicial District of Texas, which district is comprised of Panola and Shelby Counties. At the conclusion of the testimony on January 24, 1959, Judge Gladney took the case under advisement.

Thereafter the trial court and the attorneys for the parties engaged in written correspondence with respect to the terms of the judgment that the trial court advised that he proposed to enter in the case and also with respect to other matters shown in the record. The attorneys for the parties were furnished with written copies of the judgment that the trial court proposed to enter in the cause. By letters of July 15, 1959, and July 20, 1959, the law offices of the attorneys for appellants informed Judge Gladney that appellants' attorneys did not desire to approve the proposed judgment.

On Saturday, July 25, 1959, Judge Gladney, in Henderson, Rusk County, Texas, signed the judgment in question and mailed same to appellee's attorney at Marshall, Texas who forwarded the judgment to the District Clerk of Panola County, Texas. The judgment was received and filed by the District Clerk of Panola County, Texas, on Tuesday, July 28, 1959.

The written judgment in question is a final judgment and fully disposes of all features of the litigation between the parties. Brief portions of the judgment are quoted below.[1]

1. "and the Court, * * * does, on this the 25th day of July, 1959, make and enter the following final order in said cause, to wit:"
    (Note: Here follow decretal portions of the judgment.)
    * * * * * * * * * * * *
    "Signed and Entered, this the 25th day of July, A.D., 1959.

    "/s/ J. C. Gladney
    "Judge, 4th Judicial District Court of Rusk County, Texas, sitting in and for Judge of the 123rd Judicial District Court of Panola County, Texas

    "Approved as to Form:
    "Smith & Hall
    "P. O. Drawer 271
    "Marshall, Texas

    "By: /s/ Sam B. Hall, Jr.
    "Attorneys for Plaintiff,
      R. J. Becnel

    "Law Offices of Fred Whitaker
    "Carthage, Texas
    "By:
      "Attorney for Intervenor,
      Mrs. Hazel McKissack

    "Joe Jackson, Attorney at Law
    "Carthage, Texas
    "Attorney for Defendant,
      Freida Mae Becnel

    "Filed at 8:45 o'clock A.M.
    "Jul 28, 1959
    "Marie Pike, Clerk District Court Panola County, Texas
    "By Addine Andrus, Deputy."

The judgment in question contains no notice of appeal therein by appellants to the appellate court, this Court of Civil Appeals. (The attorney for one of the appellants had previously written the trial court to the effect that he would give notice of appeal by separate written notice.)

Appellant McKissack by her attorney filed written notice of appeal to this appellate court with the District Clerk of Panola County, Texas, on August 5, 1959, and appellant Freida Mae Becnel filed a similar written notice of appeal with the District Clerk of Panola County, Texas, on August 6, 1959. Each of these written notices of appeal recite that the judgment appealed from was rendered and filed on July 28, 1959.

Appellee has filed a motion to dismiss appellants' appeals for lack of jurisdiction. He contends that the notices of appeal were not filed within ten days after the judgment of July 25, 1959 as required by Rule 353, Texas Rules of Civil Procedure. Appellee further contends that appellant McKissack's motion for new trial was also filed more than ten days after the judgment of July 25, 1959, and that under Rule 329–b, T.R. C.P., said motion was ineffective to extend the time for perfecting an appeal from the judgment of the trial court.

Appellants contend that the judgment in question was rendered and filed on July 28, 1959 and that therefore the notices of appeal were filed within the ten day period provided for by Rule 353, T.R.C.P.

Rule 306a, T.R.C.P., provides as follows:

"Judges are directed to cause, and attorneys and clerks are directed to use their efforts to cause all judgments, decisions, and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein; but absence of any such showing shall not invalidate any judgment or order.

"*In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein.* This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond or affidavit in lieu thereof, bills of exceptions, statements of fact in trial and appellate courts, transcript in appellate court, petition for writ of error if appeal is by writ of error, or other procedure in connection with appeal; but this rule shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose. In event the date of signing of a judgment or order is not shown therein as required · above, then the date of rendition shall be otherwise shown of record." (Emphasis added.)

In Heard et al. v. Heard et al., Tex.Civ. App., 305 S.W.2d 231, 234, writ refused, it was stated in part as follows:

"* * * Under Rule 306a, for the purpose of determining the time for the various steps on appeal, the date of the rendition of judgment or order appealed from is deemed to be the date upon which the written draft is signed by the trial judge 'as stated therein.' In the present record there is no express or specific statement in the written draft of the judgment appealed from in respect to the date of its signing. In the absence of such a statement, it must be presumed that the judgment was rendered on the date recited on its face, June 13, 1956—a date more than thirty days prior to the filing of the appeal bond.

"*The notation of the date of filing made by the Clerk beneath the signature of the judge is, in our opinion, without force to establish the date the judgment was signed. Actually, judgments and orders are not required to be*

*filed. Nor may it be said that either the date of the entering or the date of the filing of judgments and orders may be taken as indicative of the date they were signed. * * **

\* \* \* \* \* \*

" * * * We are convinced that in the absence of a recital showing on the face of the judgment, as contemplated by Rule 306a, that the judgment was signed on a different date, the date of rendition as recited therein governs and controls and that such date of rendition may not be impeached for purposes of appeal by affidavits or otherwise, or by anything short of the amendment of the judgment itself. This is a ready procedure open to any appellant who is able to establish to the satisfaction of the trial court the date of actual signing. * * *" (Emphasis added.)

■ We hold that under this record the judgment in question was rendered and signed by Judge Gladney on the date stated in the face of the judgment, to-wit, July 25, 1959. Rule 306a, T.R.C.P.; Heard et al. v. Heard et al., Tex.Civ.App., 305 S.W. 2d 231, writ refused.

The computation of time for filing notice of appeal is governed by Rule 4, T.R.C.P. In applying Rule 4 to the case at bar, excluding the date the judgment recites that it was signed and entered (July 25, 1959) and including the last day for giving notice of appeal, it is clear that the last day under Rule 353, T.R.C.P. for giving notice of appeal from the judgment of July 25, 1959, was August 4th, 1959. August 4th, 1959, also was neither a Sunday nor a legal holiday. Consequently appellants' written notices of appeal were filed too late under Rule 353, T.R.C.P., to give this Court jurisdiction of appellants' appeals.

■ Appellant McKissack's late motion for new trial, filed August 21, 1959, was filed more than ten days after the rendition and signing of the judgment of July 25, 1959, and under Rule 329b, T.R.C.P., said motion was ineffective to extend the time for perfecting an appeal from the trial court's judgment. Rule 329b, T.R.C.P. Also in this connection see Dillard et ux. v. McClain, Tex., 324 S.W.2d 163.

Finding that we do not have jurisdiction of appellants' appeals the same are accordingly dismissed.