**J. J. LUNG, dba Draftmeister, Appellant,**

v.

**Terry VARGA et ux., Appellees.**

No. 11360.

Court of Civil Appeals of Texas.

Austin.

Feb. 9, 1966.

Thomas T. Smith, Austin, for appellant.

S. B. French and T. O. Dillard, Austin, for appellees.

HUGHES, Justice.

Upon examination of the transcript of the record in this case we have concluded that an appeal has not been perfected and that we are without jurisdiction to decide the case on its merits.

1

The transcript shows:

This suit was by J. J. Lung, dba Draftmeister, against Terry Varga and wife, Georgia Varga, upon a promissory note executed by them dated April 21, 1964, in the principal sum of $636.90, the amount allegedly due thereon, including attorney's fees, being $486.10.

The Vargas answered by alleging that they had paid $75.00 and the note and that appellant was indebted to them on an open account in the sum of $624.80, a sworn account in this sum being attached to the answer. They prayed for cancellation of the note and mortgage securing it and for judgment for $62.90, being the favorable difference between appellant's claim and their claim, and for $250.00 attorney's fees.

In a non-jury trial judgment was rendered finding that appellees were indebted to appellant in the sum of $732.44 and that appellant was indebted to appellees in the sum of $833.06 and that appellees were entitled to recover $100.62, the difference, of and from appellant with 6% interest from March 12, 1965.

This judgment recites that the case came on for trial etc. on March 12, 1965. It does not show the date on which the judgment was signed by the Trial Judge as required by Rule 306a, Texas Rules of Civil Procedure. The judgment does show that it was filed with the clerk of the Court on April 5, 1965.

On April 16, 1965, appellant filed a motion for a new trial.

On April 30, 1965, appellant filed a motion to correct the entry of the judgment above described in which he states that such judgment was not submitted to him for approval before it was signed by the Judge, "that he has filed a motion for new trial and intends to appeal from such judgment" and that "all incorrect recitals should be corrected as to remove any ground of complaint."

Although the record does not expressly show that it was in pursuance to this motion that another judgment was signed by the Trial Judge which was filed with the clerk of the Court on June 3, 1965. This judgment recites, as did the first judgment, that the cause came on for trial on March 12, 1965. There is no other date in the judgment and the date of signing is not shown. This judgment is identical with the first judgment except that it contains additional recitals concerning certain proceedings and motions relied upon by appellant to show grounds for reversal. No recitals of the first judgment were corrected, nor was the first judgment referred to or set aside.

On June 3, 1965, the Trial Judge signed an order overruling appellant's motion for a new trial.

Notices of appeal were contained in or shown on both judgments and the order overruling the motion for new trial.

A supersedeas bond was approved and filed by the clerk on July 2, 1965.

◼ We find nothing in the rules which give any legal effect to the date on which a judgment is filed with the Court clerk. Of course the date of such filing is evidence that it was rendered and signed prior thereto, but it does not, of itself, have any legal significance. We are bound in this respect by Rule 306a, T.R.C.P.

Under this rule the two judgments were rendered on the same day, March 12, 1965. We will, however, for the purpose of this decision assume that such judgments were signed on the day they were filed with the clerk. This is the most favorable position which appellant can take or be entitled to under this record.

The first judgment was signed on April 5. The motion for new trial was filed April 16, which was a Friday. The last day for filing was Thursday April 15. Sec. 1, Rule 329b, T.R.C.P. Under Sec. 5 of this rule such motion could have been considered by the Court within 30 days from the date of the judgment. This section of the rule also expressly provides, "The filing

of a motion for a new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty days from the date of the rendition of judgment."

■ Since the motion for new trial was not timely filed and since it was not acted on until June 3, more than thirty days after the rendition of the judgment, such motion and such order have no bearing on the timeliness of this appeal.

This brings us to a consideration of the second judgment.

Rule 301, T.R.C.P. provides, in part, "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."

Sec. 5 of Rule 329b, provides for the finality of judgments after the expiration of thirty days from date of rendition or order overruling motion for new trial and further provides that after the expiration of such time, "the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law." It is not contended that this provision is invoked.

■ Since the second judgment was entered long after the expiration of thirty days from the rendition and signing of the first judgment, it is void and cannot be considered in determining the timeliness of this appeal.

■ Since the appeal bond was not filed within thirty days from the date of the first judgment, the appeal has not been perfected. Rule 356, T.R.C.P.[1]

The transcript and statement of facts were filed with our clerk on July 30, 1965. This was not timely. Rule 386, T.R.C.P.

■ The only conceivable theory upon which appellant could rely to overcome the obstacles above noted is that he proceeded under Rules 316, 317, 306b, T.R.C.P. relating to judgments nunc pro tunc. We do not believe this theory tenable because the court made no mistakes in its original judgment and none were corrected in the second judgment. In Ellison v. Panhandle & Santa Fe Railway Co., Tex.Civ.App., 306 S.W.2d 909, Amarillo, the Court, in holding a second judgment void, made the following statement which is applicable here:

"Nowhere does the latter form of judgment signed by the trial court refer to appellants' motion for judgment nunc pro tunc; nowhere does it use the phrase 'nunc pro tunc' or pretend to be entered in lieu of the original judgment; nowhere does the same show any correction of any alleged error in the original judgment entered and nowhere does it set aside or vacate the original judgment entered or attempt to do so.

It is our opinion that a purported nunc pro tunc entry of judgment is erroneous and of no value where it fails to disclose the ground on which the court acts or what the entry intended to correct and that it has failed to accomplish its purpose unless it shows some reason for its entry and unless it shows that it had been entered 'now for then' or in lieu of a former judgment, which former judgment must in some manner be vacated and set aside, otherwise there will be two judgments entered in the same case."

This appeal is dismissed for want of jurisdiction.

Dismissed.

---

1. Travis County Court at Law No. 2 has continuous terms. Art. 1970–324a, Vernon's Ann.Tex.Civ.St. See Sec. 6, Rule 329b, T.R.C.P.