The STATE of Texas, Appellant,

v.

GIBSON'S DISTRIBUTING COMPANY, Inc., et al., Appellees.

No. B–1060.

Supreme Court of Texas.

Dec. 18, 1968.

Willie B. Dubose, County Atty., Midland, Crawford Martin, Atty. Gen., for appellant.

J. Henry Doscher, Jr., Abilene, Kerr, Fitz-Gerald & Kerr, William L. Kerr, Midland, for appellees.

HAMILTON, Justice.

The State of Texas sought an injunction on May 22, 1968, in the 142nd District Court of Midland County to prevent Gibson's Distributing Company, Inc., from selling merchandise through a subsidiary on the two consecutive days of Saturday and Sunday in violation of Art. 286a, Vernon's Ann. Tex.Pen.Code (1967). On June 7, 1968, in a "Judgment on a Temporary Injunction Hearing" the 142nd District Court denied the State a temporary injunction on the ground that Art. 286a is "* * * vague and indefinite and therefore, unconstitutional. * * *"

The State of Texas has appealed directly to this Court, under authority of Rule 499a, Texas Rules of Civil Procedure, Sec. (b), which provides for:

"An appeal to the Supreme Court directly from such a trial court may present only the constitutionality or unconstitutionality of a statute of this State * * when the same shall have arisen by reason of the order of a trial court granting or denying an interlocutory [order]."

Appellee Gibson, et al., has filed a motion to dismiss for want of jurisdiction because, among other reasons, the State did not timely file their appeal and thus has deprived this Court of jurisdiction. In this case the trial court rendered its final court order, a "Judgment on a Temporary Injunction Hearing" on June 7, 1968; the State filed a transcript from the trial court for appeal on August 1, 1968.

Rule 499a, T.R.C.P., authorized by Art. 1738a, Vernon's Ann.Tex.Civ.Stat. (1943), provides in its subdivision (d):

"(d) Except where they are inconsistent with this rule, the rules now or hereafter prescribed in instances of appeal to the Courts of Civil Appeals shall, in so far as they are applicable, apply to appeals to the Supreme Court pursuant to such amendment to the Constitution and the legislation thereunder."

Rule 385, T.R.C.P., promulgated by this Court to prescribe procedure in the Courts of Civil Appeals, states:

"Appeals from interlocutory orders (when allowed by law) may be taken by:

"(b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. * * *"

■ These time limits in Rule 385, T.R. C.P., quoted above are jurisdictional in nature. This Court decided this in Walker v. Cleare, 141 Tex. 550, 174 S.W.2d 956 (1943), where we held that the timely filing of a record in compliance with Rule 385 is necessary to confer jurisdiction of an appeal from an interlocutory order in the appellate court. Nevertheless, Appellant contends that Rule 385, T.R.C.P., is not here an "applicable" rule as provided in Rule 499a, T.R.C.P., Sec. (d), because the trial court's order must be characterized as a final judgment rather than an interlocutory order. In essence, the appellant argues that in denying the injunction by finding the Statute unconstitutional the District Court has in effect disposed of every facet of the case, and the judgment should therefore be regarded as a final judgment.

■ This Court cannot agree: while the State in its original petition asked for both a temporary and permanent injunction, the trial court ordered and participated in only what it called a "hearing on the temporary injunction," and entered judgment only on the temporary injunction. The case was not set for trial on the merits by agreement or otherwise. The appellees only responded to the May 22, 1968 "Show Cause" order on the temporary injunction by appearing at the May 28, 1968 hearing, well before the twenty day period allowed by Rule 101, T.R. C.P., for appearance after citation. In this case, Art. 4662, Vernon's Tex.Civ.Stat. Ann. (1939), is applicable in setting forth the twenty day appeal period from temporary injunctions, and Rule 385, T.R.C.P., was promulgated for the purpose of prescribing procedure in accord with this statute.

Precedent cited by the appellant as delineating final judgments applies either to pleas challenging jurisdiction, Nelson v. Blanco Indept. School District, 390 S.W.2d 361 (Tex.Civ.App.—Austin 1965, no writ), Local No. 438, AFL-CIO v. Curry, 371 U.S. 542, 83 S.Ct. 531, 9 L.Ed. 514 (1962); or instances of a rendering of judgment, Cotten v. Stanford, 147 S.W.2d 930 (Tex.Civ.App. —Amarillo 1941, no writ). The fact is that the trial court could not have entered a final judgment or a permanent injunction in this case, and cannot until the case is tried on its merits. Indeed, that the trial court has denied a temporary injunction does not preclude a grant of the permanent injunction upon final hearing of the case, even if the court has to change its position on the law in order to do so. This Court has confirmed this in Houston Belt and Terminal Railway Co. v. Texas, 155 Tex. 407, 289 S. W.2d 217, 220, (1956) where we held:

"The court clearly erred in entering judgment on the merits at the conclusion of the hearing on the temporary injunction. Such error not only probably caused, but unquestionably caused, the rendition of an improper judgment, because the court was only authorized to enter an order maintaining the status quo of the subject matter of the suit pending a proper trial on the merits.

"Respondent also contends that the case was fully developed, that the evidence pertaining to each fact issue is undisputed and indisputable, that the contract is subject to only one interpretation, and that the same result will necessarily be reached in the event of a trial on the merits. It is well settled, however, that the rights of the parties on the merits will not be measured and determined by the appellate court on the basis of the evidence introduced at a preliminary hearing."

The filing of the record within the time fixed by Statute and Rule 385 is jurisdictional, and the appellant having failed to so comply, this Court is without jurisdiction to hear this appeal.

In accordance with appellee's motion the appeal is dismissed for want of jurisdiction, and this Court does not reach the constitutional questions raised in the merits of the case.