**VICKI INDUSTRIES, INC., Appellant,**

v.

**HUPP SYSTEMS, INC., Appellee.**

No. 5433.

Court of Civil Appeals of Texas, Waco.

April 10, 1975.

Rehearing Denied April 24, 1975.

King & Massey, Inc., Marion L. Massey, Fort Worth, for appellant.

Dunnam, Dunnam & Dunnam, Waco, for appellee.

HALL, Justice.

The appellee brought this suit for money damages and an injunction, asserting that appellant breached in several particulars an agreement between the parties dealing with the manufacture of specialized equipment for compressing and bailing metal. Appellant's plea of privilege to have the case transferred to Tarrant County, the county of its residence, was overruled. It seeks a review of that order. We dismiss the appeal for want of jurisdiction.

The order overruling the plea of privilege is composed of a single paragraph reading as follows:

> "On this the 17th day of January, 1975, came on to be heard Defendant's Plea of Privilege and the Controverting Plea thereto and the Court, after duly considering the pleadings, evidence and argument of counsel, finds that said Plea of Privilege should be and the same is in all things overruled, to which ruling of the Court defendant duly excepts and gives notice of appeal to the Court of Civil Appeals for the 10th Supreme Judicial District of Texas at Waco."

The judgment is signed by the trial judge, but it does not contain a statement of the date of signing. It was filed with the clerk of the trial court on January 20, 1975.

Rule 306a, Vernon's Texas Rules of Civil Procedure, provides that in determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge "as stated therein." Absent a statement in the judgment showing the date it was signed, it is presumed to have been signed on the date of actual rendition. Heard v. Heard (Tex.Civ.App.—Galveston, 1957, writ ref.), 305 S.W.2d 231, 235.

Appellant filed its appeal bond on February 10, 1975. In appeals from inter-

locutory orders, like this one, the appeal bond must be filed within 20 days after rendition of the order. Rule 385. This timetable is mandatory and jurisdictional to the appeal, and it cannot be waived. State v. Gibson's Distributing Company (Tex.Sup., 1968), 436 S.W.2d 122, 123; Glidden Company v. Aetna Casualty & Surety Company, 155 Tex. 591, 291 S.W.2d 315, 318 (1956). Under this rule, appellant's appeal bond was due to be filed within 20 days after the judgment was rendered on January 17, 1975; that is, by February 6th. It was filed four days late. Accordingly, we are without jurisdiction and the appeal must be dismissed. The fact that the judgment was filed with the clerk on January 20, 1975, bears no legal significance to the timetable in Rule 385. Heard v. Heard, supra; Lung v. Varga (Tex.Civ.App.—Austin, 1966, no writ hist.), 400 S.W.2d 1, 2.

Appeal dismissed.

## ON MOTION TO REINSTATE APPEAL

By supplemental transcript, appellant has brought forward an amended judgment which shows that it was signed by the trial judge on January 20, 1975. We therefore have jurisdiction. The order of dismissal is set aside. The appeal is reinstated.

## ON THE MERITS

Appellee filed this suit in McLennan County. It pleaded, inter alia, that prior to the execution of the written agreement upon which this suit is based, appellant's vice-president represented to appellee's president, at a meeting held in McLennan County, that appellant presently had the material, personnel and equipment necessary to perform the contract; that these representations were false; that they were material; that they were relied upon by appellee; that they materially induced appellee's execution of the contract; that appellant knew they were false when made; that appellant was unable to comply with the contract and breached it; and that appellee was thereby caused to lose net profits in the sum of $750,000.

Appellee incorporated its petition into its plea controverting appellant's plea of privilege, and invoked the pertinent provisions of Subdivisions 7 and 23 of Article 1995,[1] Vernon's Ann.Tex.Civ.St., for maintaining venue in the county of suit. Among other venue facts required to be proved by appellee under these subdivisions was that it "has sustained damages." Cockburn v. Dixon, 152 Tex. 572, 261 S. W.2d 689, 691 (1953). In its single point of error, appellant asserts there is no evidence to support the court's finding that appellee suffered damages; and that, for this reason, the order overruling the plea of privilege must be set aside. The proper resolution of this "no evidence" question requires that the proof, and every reasonable deduction that may be based thereon, be viewed and considered in a light most favorable to the questioned finding. Douglass v. Panama, Inc. (Tex.Sup., 1974), 504 S.W.2d 776, 777.

Appellant's president testified that "there was a total of three machines finished and left our shop out of [appellee's] order of eight." Appellee's president gave the following testimony: "Q. All right, and as a result of the falsity of those representations, were they able to manufacture the machines properly within the time specified on your contract? A. No, quality nor time. Q. Not quality nor time? A. No. Q. And as a result of that, did you lose some sales of your machines? A. Very much so. Q. Did you lose opportuni-

1. Subd. 7. "In all cases of fraud . . . suit may be brought in the county where the fraud was committed."

Subd. 23. "Suits against a private corporation . . . may be brought in the county . . . in which the cause of action or part thereof arose."

**736**

ty to present your machines to the prospective purchasers in order to solicit sales? A. Yes. Q. And would you have made sales if they had had them out in proper condition and proper quality and in the contracted time. A. Yes. Q. And would you have made profits from those sales? A. Right, would have." This testimony stands in the record uncontradicted and unimpeached by cross-examination or otherwise.

Appellant asserts that this testimony is legally insufficient to support the finding of actual damage, arguing (1) it deals with loss of prospective profits, only, and is therefore too speculative to be probative; and (2) in any event, appellee should have shown a specific "dollar and cents" damage, or at least have shown a definite lost sale from a specific customer. We disagree.

If we assume that the testimony that appellee lost profits because it lost the opportunity to solicit sales from prospective purchasers is too speculative to support the finding of actual damage, there is the other proof that appellee "did lose sales" and "would have made profits from those sales." This latter testimony may be reasonably interpreted as referring to the loss of sales already made and to the profits thereon.

In trade and commerce the word "profit" connotes dollars and cents. "Profits are the net pecuniary gain from a transaction, the gross pecuniary gains diminished by the cost of obtaining them." Hall v. Brown (Tex.Civ.App.—Waco, 1966, no writ hist.), 398 S.W.2d 404, 408. The unimpeached, unchallenged testimony that appellee lost sales and lost the profits he would have made on the sales is some evidence that appellee "sustained damages." It is legally sufficient to support the questioned finding. The extent of the damages suffered is an issue to be determined upon the merits of the case. Cockburn v. Dixon, supra.

The judgment is affirmed.