Thrasher v. McCall & WISA 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-196-CV

     LINDA THRASHER,
                                                                                              Appellant
     v.

     JILL McCALL, MEMBER OF THE BOARD
     OF TRUSTEES OF THE WACO INDEPENDENT 
     SCHOOL DISTRICT, ET AL.,
                                                                                              Appellees
 

From the 19th District Court
McLennan County, Texas
Trial Court # 94-878-1
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Linda Thrasher sued Waco Independent School District, four members of its board of trustees,
and its superintendent, alleging that they wrongfully terminated her from her teaching position. 
The District moved to dismiss the suit, arguing that the court lacked jurisdiction because Thrasher
had failed to exhaust her administrative remedies. The court granted the District's motion and
dismissed Thrasher's lawsuit with prejudice. She appealed from the court's dismissal order. 
Because Thrasher failed to perfect her appeal within thirty days of the court's signing the order
to dismiss, as shown in the transcript, we will dismiss her appeal for want of jurisdiction.
      The District filed its motion to dismiss on March 7, 1995. According to the docket sheet and
the first page of the statement of facts, the court held a hearing on this motion on April 26. 
However, the order contained in the transcript states:
CAME ON this day to be heard Defendants' Motion to Dismiss for Lack of
Jurisdiction before this Court in the above-referenced cause. The Court, having
considered the Motion, is of the opinion that it should be GRANTED. It is therefore,
ORDERED, ADJUDGED AND DECREED that the above-referenced cause is
hereby dismissed with prejudice in its entirety.
SIGNED this 26th day of March, 1995.
Only the day and the signature is hand written, the remainder of the order is computer generated. 
The following notations are typed down the left margin of the order in a print different from the
print of the text:
      Order Granting 
      Motion to 
      Dismiss for 
      Lack of
      Jurisdiction 

      SIGNED
      4-26-95 

      FILED 
      4-26-95 

      RECORDED 
      Vol-257 
      Pg-1438 
      Thrasher filed her cost bond on May 24, which was within thirty days of April 26, but more
than thirty days after March 26. See Tex. R. App. P. 40(a)(1), 41(a)(1). On July 6 our clerk
notified Thrasher "that it seems that the appeal [had] not been duly perfected because the cost bond
was filed more than thirty days after March 26, 1995, the date the order was signed as shown in
the transcript." See id. 56(a). In a responsive letter, Thrasher argued that the order "incorrectly
states that it was signed on March 26, 1995." She points to "the District Clerk's notations" in the
margin, the date on the statement of facts from the hearing, and the docket sheet entry indicating
that the order was signed on April 26 as evidence that the March 26 date recited in the order is
inaccurate.
      Our jurisdiction over a final order of a trial court is invoked by a timely filed cost bond, cash
deposit or affidavit of inability to pay costs. See id. 40(a)(1), 41(a)(1); White v. Schiwetz, 793
S.W.2d 278, 279 (Tex. App.—Corpus Christi 1990, no writ). The appellate record must
affirmatively show that our jurisdiction has been properly invoked. See Heard v. Heard, 305
S.W.2d 231, 234 (Tex. Civ. App.—Galveston 1957, writ ref'd); McDonald v. Newmyer, 775
S.W.2d 652, 653 (Tex. App.—Houston [1st Dist.] 1989, writ denied). "In civil cases, the date
a judgment or order is signed as shown of record shall determine the beginning of the periods .
. . for filing . . . an appeal bond . . . . " Tex. R. App. P. 5(b)(1) (emphasis added); see also
Martinez v. Humble Sand & Gravel, Inc., 875 S.W.2d 311, 313 (Tex. 1994). "[I]n the absence
of a recital showing on the face of the judgment . . . that the judgment was signed on a different
date, the date of rendition as recited therein governs and controls and . . . such date of rendition
may not be impeached for purposes of appeal by affidavits or otherwise, or by anything short of
the amendment of the judgment itself." Heard, 305 S.W.2d at 235. 
      Thus, because the order in the transcript reflects that it was signed on March 26, Thrasher
must have filed a cost bond, deposit or affidavit of inability to pay by April 25. See Tex. R. App.
P. 40(a)(1), 41(a)(1); Heard, 305 S.W.2d at 235. We cannot refer to the notations in the margin
to contradict the date recited in the order itself. See Heard, 305 S.W.2d at 235. She filed her cost
bond on May 24, some twenty-nine days too late, and she has not amended the record to show that
either the date recited in the order is incorrect or that her cost bond was filed timely. Thus, she
failed to properly perfect this appeal.
      Perfecting an appeal is a requirement to invoke our jurisdiction. See El Paso Sharky's v.
Amparan, 831 S.W.2d 3, 4-5 (Tex. App.—El Paso 1992, writ denied). Absent a timely filed cost
bond or substitute, an appeal is not perfected and we do not have jurisdiction to consider it. See
id.; Ludwig v. Enserch Corp., 845 S.W.2d 338, 339-40 (Tex. App.—Houston [1st Dist.] 1992,
no writ). 
      "If the transcript does not show the jurisdiction of the court, and if after notice it is not
amended, the appeal shall be dismissed." Tex. R. App. P. 56(a) (emphasis added); see also Sharp
v. Knowles, 474 S.W.2d 956, 957 (Tex. Civ. App.— Tyler 1971, no writ). Therefore, we are
required to dismiss this appeal for want of jurisdiction. See Vicki Industries, Inc. v. Hupp
Systems, Inc., 521 S.W.2d 733, 734-35 (Tex. Civ. App.—Waco 1975, no writ).
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed August 9, 1995
Do not publish