COINMACH, INC., Appellant,

v.

ASPENWOOD APT. CORP., Appellee.

No. 01–00–01081–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 6, 2003.

Daryl W. Bailey, Looper, Reed & McGraw, Robert M. Roach, Jr., Cook, Roach & Lawless, L.L.P., Houston, Lisa Greenwood Duffee, Needham, Duffee & Vernone, Dallas, for Appellant.

Marvin Isgur, Floyd, Isgur, Rios & Wahrlick, P.C., Robert B. Dubose, Cook & Roach, LLP, Houston, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and KEYES.

## OPINION

EVELYN V. KEYES, Justice.

The issue for this Court is whether the effective date of the order granting a new trial is (1) the date the trial court signs the order or (2) the date the trial court clerk file-stamps the signed order. If the latter, then the order granting the new trial in this case did not take effect before the trial court's plenary jurisdiction expired, and this appeal will proceed. If the former, then the trial court granted a new trial during its plenary jurisdiction, and this appeal will be dismissed for want of jurisdiction. We hold that the order granting a new trial became effective on the date signed by the trial court, and we dismiss this appeal for want of jurisdiction.

### *Procedural Background*

This is an appeal from a judgment signed on June 14, 2000. Defendant and appellant, Coinmach, Inc. (Coinmach), timely filed, on July 14, 2000, a motion to modify and a motion for new trial. *See* TEX.R. CIV. P. 329b(a), (g). Coinmach's notice of appeal was timely filed on September 11, 2000. *See* TEX.R.APP. P. 26.1(a). On September 25, 2000, during its plenary jurisdiction, the trial court signed an order granting a new trial.[1] The trial court clerk file-stamped the order granting a new trial on October 3, 2000.

On September 29, 2000, plaintiff and appellee, Aspenwood Apt. Corp. (Aspen-wood), filed a motion in this Court to "preserve appellate jurisdiction." In that motion, Aspenwood requested this Court to order the trial court clerk to file the clerk's record as such record existed on September 27, 2000. Aspenwood argued that as of that date, when the trial court's plenary jurisdiction expired, there was no order in the record granting a new trial and that to be effective such an order had to be either in the court's file record or in the minutes of the court. Aspenwood supported its argument with citations to *In re Fuentes*, 960 S.W.2d 261 (Tex.App.-Corpus Christi 1997, orig. proceeding) and *State Farm Ins. Co. v. Pults*, 850 S.W.2d 691 (Tex. App.-Corpus Christi 1993, no writ). This Court denied the motion on October 4, 2000, without stating its reasons.

On October 6, 2000, Coinmach filed an emergency motion to abate appeal. Coinmach maintained that, unless the Court abated the appeal until the trial court's order granting a new trial was no longer subject to challenge on appeal, Coinmach faced the trap that if this appeal were dismissed, and Aspenwood ultimately were to succeed in its argument that the new trial order was void, Coinmach would have no way of appealing the initial judgment, which is the subject of this appeal. In the motion, Coinmach argued that the timeliness of an order granting a new trial depended on the date the order was signed, not the date it was entered or filed by the trial court clerk, as insisted by Aspenwood. In support, Coinmach cited to TEX.R. CIV. P. 329b(e) and several cases, the two most closely on point being *Board of Trustees of Bastrop v. Toungate*, 958 S.W.2d 365 (Tex. 1997) and *Heard v. Heard*, 305 S.W.2d 231 (Tex.Civ.App.-Galveston 1957, writ ref'd). Aspenwood responded that the cases cited

---

1. The motion for new trial was overruled by operation of law on August 28, 2000. *See* TEX.R. CIV. P. 329b(c). The trial court's plenary jurisdiction expired on September 27, 2000. *See* TEX.R. CIV. P. 329b(e).

by Coinmach were distinguishable, and, while admitting that no reported case dealt with the precise question before this Court, insisted that a long line of cases dictated that judgments, orders, and decrees of courts of record must be entered of record, again relying on *Pults* and *Fuentes,* among other cases. Aspenwood also argued on public policy grounds that if "an order signed by a trial judge was effective while maintained in the trial judge's private papers, it would invite a host of problems," and seemed to suggest that future orders could simply be backdated. However, Aspenwood states that it is not questioning the integrity of the trial judge in this case.

The Court denied the motion to abate appeal and, in the same order, stated that the recently filed clerk's record showed the order granting a new trial was signed while the trial court had plenary jurisdiction. Noting that there was no appeal from an order granting a new trial, *see Stolhandske v. Stern,* 14 S.W.3d 810, 814 (Tex.App.-Houston [1st Dist.] 2000, pet. denied), the Court ruled that the appeal would be dismissed unless within 30 days, a party filed a supplemental clerk's record and brief demonstrating that it had jurisdiction of the appeal.

Aspenwood filed a "brief demonstrating that this Court has jurisdiction of this appeal," which reiterated its previous arguments. Aspenwood also asserted that "common sense and public policy" favored its position that a trial court was not permitted to supplement the case file or to make docket entries after its plenary jurisdiction had expired, even when such actions were taken to document an order signed when the trial court had plenary jurisdiction. According to Aspenwood, it would be otherwise "unworkable." It asks, if a week's delay in supplementing the case file is acceptable, why not a month or a year's delay? Aspenwood relied on *Reese v. Piperi,* 534 S.W.2d 329 (Tex.1976). Furthermore, according to Aspenwood, Tex.R. Civ. P. 76 requires that all a trial court's papers be available to counsel for review, and rule 76 could not be followed if orders could be effective prior to the time they are placed in the public record.

Coinmach filed a motion to dismiss for want of jurisdiction, reiterating its previous arguments.

### Analysis

Our starting point is the applicable rules of civil procedure:

1. **Beginning of periods.** The date of judgment or order is *signed* as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial .... but this rule shall not determine what constitutes rendition of a judgment or order for any other purpose.

Tex.R. Civ. P. 306a(1) (emphasis added).

2. **Date to be shown.** Judges, attorneys and clerks are directed to use their best efforts to cause all judgments, decisions and orders of any kind to be reduced to writing and *signed by the trial judge with the date of signing* stated therein.

Tex.R. Civ. P. 306a(2) (emphasis added).

3. **Notice of judgment.** When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was *signed.* Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4) [provision for altering the date

of judgment when established that "notice or actual knowledge of the *signing*" of the judgment was not received by certain dates].

TEX.R. CIV. P. 306a(3) (emphasis added).

(c) In the event an original or amended motion for new trial ... is not determined by written order *signed* within seventy-five days after the judgment was *signed,* it shall be considered overruled by operation of law on expiration of that period.

TEX.R. CIV. P. 329b(c) (emphasis added).

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and *signed* order or by operation law, whichever occurs first.

TEX.R. CIV. P. 329b(e) (emphasis added).

The meaning of rules 306a and 329b could not be plainer.[2] It is the date of the *signing* of the judgment by the trial court that determines the beginning of the period prescribed for the trial court's plenary power to grant a new trial. *See* TEX.R. CIV. P. 306a(1), (2). The trial court clerk gives the parties notice of the date of the *signing* of the judgment, not of the date the trial court clerk *filed* the judgment. TEX.R. CIV. P. 306a(3). A trial court has plenary power to grant a new trial within 30 days *after the judgment is signed. See* TEX.R. CIV. P. 329b(d). If a motion for new trial is timely filed,[3] and it is not deter-

mined by a *written order signed within 75 days* after the judgment was signed, it is overruled by operation of law. *See* TEX.R. CIV. P. 329b(c). If a timely-filed motion for new trial is overruled either by a *signed* order or by operation of law, the trial court retains plenary jurisdiction to grant a new trial for 30 days after such overruling. TEX.R. CIV. P. 329b(e).

In fact, rule 306a(4) recognizes that a party may not get notice of the *signed* judgment. TEX.R. CIV. P. 306a(4). In such an event, rule 306a(5) provides a procedure under which the date the party or its counsel received notice or actual knowledge of the *signing* of the judgment may be established as the date from which the period commences for filing a motion for new trial or for the trial court's plenary jurisdiction. Tex.R. Civ. P. 306a(5).

The holdings of the Texas Supreme Court in *Reese v. Piperi* and the Corpus Christi Court of Appeals in *In re Fuentes* and *State Farm Ins. Co. v. Pults,* relied upon by Aspenwood, do not place a different interpretation on the language in rules 306a and 329b.

In *Reese v. Piperi,* the judgment was granted on May 16; the motion for new trial was filed on May 23. 534 S.W.2d at 329. The trial court held a hearing on the motion on June 25, at which time it announced its intention to grant a new trial. *Id.* However, the trial court did not sign an order granting the new trial until September 5. *Id.* at 330. The supreme court held that the trial court's oral pronouncement of its intention did not constitute a rendi-

**2.** We use the same rules of construction to construe and interpret rules of court as we do statutes. *See Bradt v. Sebek,* 14 S.W.3d 756, 762 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). We look to the common meaning of the words in the rule, *see Gilbert v. El Paso County Hosp. Dist.,* 38 S.W.3d 85, 89 (Tex.

2001), and we construe the rule as a whole. *See Helena Chemical Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001).

**3.** A motion for new trial is timely filed if filed prior to or within 30 days *after the judgment is signed.* TEX.R. CIV. P. 329b(a).

tion of an order granting a new trial. *Id.* Instead, the only rendition was the signing of the order granting a new trial on September 5, a date long after the motion for new trial had been overruled by operation of law. *Reese* supports our construction of rules 306a and 329b.

In *In re Fuentes*, the judgment was entered on February 7; the motion for new trial was filed on February 14. 960 S.W.2d at 262. The motion for new trial was denied by written order on March 31. *Id.* A motion for reconsideration was filed on April 3, and by letter dated April 23 the trial court announced its intention to grant a new trial. *Id.* An order granting a new trial was signed on May 5. *Id.* The Corpus Christi court held that the May 5 order was a nullity because it was signed after the trial court lost jurisdiction and the April 23 letter and the April docket sheet entry lacked the formality of a written order and would not operate to withdraw the order of March 31 denying the motion for new trial. *Id.* at 264–65. Like *Reese*, *Fuentes* does not stand for the proposition that the filing of a signed order by the trial court clerk is necessary for the order to be effective for the purpose of determining the period of the trial court's plenary power.

In *State Farm Ins. Co. v. Pults*, the parties were notified by telephone that on October 17, the trial court had ruled on a motion for protective order, granting the motion. 850 S.W.2d at 693. However, the ruling was never read into the record, nor was an order signed at that time. At the sanctions hearing in January, when the trial court concluded that a party had failed to comply with its October 17 ruling, the October 17 ruling on the motion for protective order was noted on the docket sheet and read into the record, apparently for the first time. *Id.* It was within this context that the Corpus Christi court held that there was no effective sanctions order that had been violated by the party because no order had been "reduced to writing, signed by the trial court, and entered in the record." Like the other cases relied on by Aspenwood, *Pults* does not hold that, for an order to be effective to begin the period of the trial court's plenary power, it must be both *signed* by the trial judge *and filed* by the trial court clerk.

We believe that the plain language of rules 306a and 329b, in two cases cited by Coinmach, *Board of Trustees* and *Heard*, and a case revealed by our research, *In re Barber*, 982 S.W.2d 364 (Tex.1998), are dispositive of the issue presented by this case.

In *Board of Trustees*, the trial court signed a modified judgment when it had plenary power to do so, but it then waited 31 days to notify the parties. 958 S.W.2d at 367. The modified judgment was not filed until 38 days after it was signed. *Id.* The supreme court held that the modified judgment was rendered when signed, citing to rule 306a(1). *Id.* The supreme court noted that the trial court should have submitted the modified judgment to the trial court clerk immediately upon signing it. *Id.* The fact that the trial court did not do so, did not negate the effectiveness of the signed modified judgment.

Citing to *Board of Trustees*, in *In re Barber*, the supreme court held that for purposes of determining whether an order granting a new trial is timely,[4] it is the date of the signing of such an order by the trial judge, not the date of entry by the trial court clerk, that controls. 982 S.W.2d at 367.

Finally, in *Heard*, the original judgment signed by the trial judge showed the date

---

4. That is, signed during the trial court's plenary power.

of signing as June 13. 305 S.W.2d at 233. However, the copy of the judgment in the original clerk's record contained a notation as follows: "/s/ and filed June 26."[5] *Id.* An affidavit of the trial court clerk stated that the clerk had made the notation and that it reflected the date the clerk had filed the judgment and not the date the trial judge had signed it. *Id.* This Court stated that the notation of the date of filing made by the trial court clerk beneath the signature of the trial judge was without force to establish the date the judgment was signed. *Id.* at 234. *Heard* is on all fours with *Board of Trustees* in concluding that it is the signature date and not the filing date that is relevant in determining the time periods for various steps of the appeal.

### Conclusion

We hold that the trial judge in this case signed the order granting a new trial while the court had plenary jurisdiction; it is of no consequence to the timeliness of that order that it was not file stamped by the trial court clerk until after that plenary jurisdiction had expired. *See* TEX.R. CIV. P. 306a(1); *Board of Trustees*, 958 S.W.2d at 367. Because there is no appeal from an order granting a new trial, appellant's motion to dismiss for want of jurisdiction is granted, and this appeal is dismissed. *See Stolhandske,* 14 S.W.3d at 815.

All other outstanding motions are denied as moot.

**5.** The instrument perfecting the appeal, the appeal bond at that time, was filed on July 24. If the judgment was signed on June 26, the appeal bond was timely filed. If the judgment was signed on June 13, the appeal bond was not timely filed.